## PARMELEE vs. HITCHCOCK.

It is the duty of a sheriff to levy an execution regular upon its face ; and it is
no excuse for his omission, that the sum specified in it varies from the
amount for which the judgment is rendered.

DEMURRER to declaration.   The plaintiff, in the first count
of his declaration, set forth a judgment obtained by him
against one D. R. in February term, 1829, for $133,59 ; that
in the same term an execution was issued and delivered to
the defendant, as sheriff of the county of Washington, com-
manding him to make of the goods and chattels of D. R. the
sum of $186,71, which execution was returnable in May term,
1829.   The plaintiff then avers that the sheriff levied the
mone y but neglected to bring it into court at the return
of the execution, and on the contrary thereof returned the
execution *nulla bona.*   In the count there was a sugges-
tion that by a rule or order of the court, made on the 3d of
March, 1831, the record of judgment was *amended so as to al-
ter the amount of recovery* to $186,71.   The second count is
like the first, except that instead of the defendant being charged
with levying and refusing to bring the money into court, he
is charged with neglect in not levying, and with returning
the execution *nulla bona.*   To these counts the defendant de-
murred.

*S. Stevens,* for the defendant, insisted that as there was no
judgment warranting the execution between the time of its de-
livery to the sheriff and the day of its return, no action lay
against the sheriff.   Had the sheriff made a levy, and the plain-
tiff in the execution been sued by the defendant, he could not
have justified himself; and if not, the sheriff is not responsible.

In an action for a *false return*, the plaintiff must aver and prove a judgment substantially corresponding with the execution, or he cannot recover. 1 Saund. 37, 39. 4 T. R. 611. 2 Lev. 185. So he should be required to do the same in this action.

*H. P. Hunt,* for plaintiff. The sheriff can excuse himself for omitting to levy only where the process is *void,* not *voidable* merely as in this case. No one but the party can take advantage of the variance between the judgment and execution. Graham's Pr. 317. 12 Johns. R. 395. 4 Cowen, 550. 5 Wendell, 190, 8 id. 545.

*By the Court,* SAVAGE, Ch. J. Whether the sheriff is bound to execute an erroneous writ delivered to him, depends upon the question whether it is absolutely void, or only voidable ; and whether void or voidable depends upon the fact whether it is amendable. There can be no doubt that a sheriff is justified in executing any process from a court of general jurisdiction which is regular upon its face. Where an execution is delivered to him, he is not bound to inquire whether there is a judgment to support it, or whether the execution corresponds exactly with the judgment ; if it is regular upon its face, it is his duty to execute it ; if there is any irregularity or error in it, that affects the parties, not the ministerial officer. 5 Wendell, 170. 8 id. 546, 7.

This court has amended executions when varying from the judgment and when tested out of term, and held the sheriff responsible for an escape when the defendant in the execution was committed upon such process, 6 John. R. 100, 1 Cowen, 309, declaring that such process was voidable, not void. Voidable process is so at the election of the party affected by it, not the officer. The error in the execution in question was amendable, and has been amended. It was the duty of the defendant to have executed the writ.

Judgment for plaintiff, with leave to the defendant to plead on payment of costs.