[No. 412.   January Term, 1891.]

## BACHELDER BROTHERS, PLAINTIFFS IN ERROR, v. FRANCISCO CHAVES, DEFENDANT IN ERROR.

SHERIFF—EXECUTION, VARIANCE BETWEEN AND JUDGMENT, AMENDMENT OF—LIABILITY OF SHERIFF FOR REFUSAL TO ENFORCE.—In an action on the case against a sheriff for refusal to enforce the levy of an execution in his hands, where it appears there is a variance between the amount of the execution and the amount of the judgment on which it was issued, such variance does not render the execution void, but only voidable. It may be amended at any time, even on the return day, or after its return, so as to conform in amount to the judgment; and such variance is no defense to such action.

ID.—REFUSAL TO ENFORCE EXECUTION AGAINST PERSONAL PROPERTY IN POSSESSION OF JUDGMENT DEBTOR—BURDEN OF PROOF.—Nor will the mere disclaimer of the judgment debtor of the ownership of personal property in his possession, nor the claim of another to such property, excuse the sheriff for refusal to execute a process in his hands against such property. Possession of personal property is prima facie evidence of ownership; and it is the duty of the sheriff, under such circumstances, to enforce the execution, unless he knows that the ownership of the property, though apparently in the execution debtor, is really in another; and if, without such knowledge, he fails or refuses to do so, the burden of proof is upon him to show that the property was not subject to execution.

ID.—EXCESSIVE LEVY—INDEMNIFYING BOND.—A sheriff who levies an execution on the property of the judgment debtor, exceeding in value the amount of the judgment, has no right to demand of the execution plaintiff an indemnifying bond to cover such excess; and the refusal of the plaintiff to comply with such demand will not relieve the sheriff from liability for refusal to sell such property to satisfy the process, where the plaintiff tenders him an indemnifying bond in double the amount of the judgment; except where such officer finds but one item of property, largely in excess in value of the process to be satisfied, when he would be entitled to indemnity commensurate with the value of the property to be levied upon.

ERROR, from a judgment in favor of defendant, to the First Judicial District Court, Santa Fe County. Judgment reversed, and cause remanded with directions to permit plaintiffs in error to so amend the execution as to make it conform to the judgment on which it was issued.

The facts are stated in the opinion of the court.

W. B. SLOAN for plaintiffs in error.

THOMAS SMITH for defendant in error.

When a sheriff levies an execution upon property in which the defendant has no interest, it is his duty to stop all further proceedings under the levy as soon as he ascertains the fact, and he is not liable on his bond for failure to sell the property. State v. Swigart, 22 Ark. 528.

It is well settled that where there is a substantial variance from the judgment the execution issued thereon is void. Herman on Execution, sec. 64; 6 Johns. 282; 15 N. H. 337; 4 Ired. 381; 2 Conn. 462; 8 Cush. 388; 15 B. Monroe (Ky.), 476; 10 Cal. 411; 11 Ala. 618; 88 Am. Dec. 780; 36 Ill. 116.

A void execution is one not supported by the judgment. Herman on Executions, sec. 89.

An execution absolutely void can not be amended, whether it be a fifa or venditioni exponas; if illegally issued it is a nullity, and no title passes under a sale through it. 3 Am. Rep. 699; 6 Id. 533; 5 Id. 836; 4 Rand. 427. See, also, Herman on Executions, sec. 69.

FREEMAN, J.—This was an action on the case instituted by plaintiffs in error against the defendant in error in the district court of the county of Santa Fe. The plaintiffs in error filed their declaration against the defendant in error, at the August term, 1887, alleging that at the July term, 1884, of said court, they obtained a decree against the Texas, Santa Fe & Northern Railroad Company, for $1,346.37, with $100 attorneys' fees, and $89.75 costs; that afterward, to wit, at the February term, 1887, of said court, "by the consideration of said court, the decree entered at the July term, 1884, was duly docketed, as provided by law, for the sum of sixteen hundred and forty-six dollars and sixty cents, and costs, eighty-nine dollars and seventy-five cents." That afterward, on the fourteenth day of March, 1887, an execution was issued on said judgment, directed to the defendant in error, as sheriff of Santa Fe county. That defendant in error levied said execution on the property of the defendant company, amounting in value to $3,000. That said defendant in error, disregarding his duty as such sheriff, failed to sell the property so levied upon, and returned said writ after it had expired, unsatisfied. That afterward, to wit, on the sixth of June, 1887, the

plaintiffs in error caused the venditioni exponas to be issued to the defendant in error, commanding him to sell said property so levied upon; and that said defendant in error refused to execute this writ, to their damage, etc. The defendant filed two pleas to this declaration, the first, a general plea of not guilty; in a second plea, he undertakes to justify his refusal to obey the mandate of the court. It is, in effect, a plea of confession and avoidance, and sets up substantially the following defense: He admits that he was, at the time charged, sheriff of Santa Fe county. That he received into his hands the execution set out in the declaration. That he levied the same upon certain goods and chattels, which he was informed and believed belonged to the defendant company, but was notified by said company that it did not own, claim, or have any interest in said property; and for that reason the property was not sold. That said execution was returned, and thereupon a venditioni exponas was issued by the clerk, and the property which had been formerly levied upon advertised to be sold. That upon the day appointed for the sale he was notified by the president of the defendant company that said goods were not the property of the said company, and was also notified by the Southern Trust Company, of New York, that said goods belonged to the said trust company, which forbade the sale thereof. That thereupon he gave notice to the attorney of the plaintiff, that, unless an indemnifying bond "in double the value of the property was executed to this defendant, that such property would not be sold." That the plaintiffs in error refused to execute such bond, and thereupon he adjourned the sale. To this plea plaintiffs filed their replication denying that the property levied upon belonged to the trust company, and averring that the property belonged to the railroad company; and, further, that they, the plaintiffs in error, tended to the defendant in error a

good and sufficient indemnifying bond in double the
amount of the judgment. On this state of the plead-
ings the parties went to trial. On the trial of the cause
the plaintiffs in error offered to read as evidence to
the jury the execution issued upon the original judg-
ment. To this the defendant in error objected, on the
ground that the execution offered in evidence did not
agree in amount with the original judgment. This
objection being sustained by the court, they moved
for leave to correct the execution, so as to make it con-
form in amount to the judgment. This motion was
also denied. They also offered in evidence the orig-
inal and last or "docketed" decree of the court, the
judgment docket, etc., all of which, except the original
judgment, was, on the objection of the defendant,
excluded. The court thereupon instructed the jury to
return a verdict for the defendant, which was accord-
ingly done.

In this we think there was error. It is admitted
that the execution differed in amount from the judg-
ment on which it was issued. It is in-
sisted by the defendant in error that this
variance rendered the process void, and
some authorities are cited which seem to support this
view. We think, however, that the weight of authori-
ties is to the contrary. In Herman on Executions,
section 65, under the head of "Void Executions," the
author mentions, among other defects that render
the process void, "a misrecital as to date and amount,"
citing Albee v. Ward, 8 Mass. 19. The same author,
however, in section 66, declares: "Whenever an execu-
tion varies from the judgment on which it issued, it
may be amended by the judgment so as to conform to
it; and, where there is an error as to the amount to be
collected, it may be amended at any time, even on the
return day, or after its return." It is claimed by the
defendant in error, that while such a writ, as between

EXECUTION: judg-
ment: variance:
amendment.

the judgment creditor and debtor, may be amended,
yet it can not be so amended as to charge the officer
refusing to execute it in its defective form.   In our
opinion, however, the officer's liability depends, not so
much upon the regularity, as upon the validity, of the
process.   The true rule is stated as follows:   "When
a writ from a court of competent jurisdiction is placed
in an officer's hands, he is bound to execute it accord-
ing to the exigency of the writ, without inquiry into
the regularity of the proceedings upon which it was
grounded.   Nor can he refuse because in his opinion
it is irregular, or that the sum varies from the amount
for which the judgment was rendered."   Id., section
146; Parmelee v. Hitchcock, 12 Wend. 96.   "The
cases recognize and affirm a distinction between process
which is void, and that which is merely voidable, and
it is repeatedly stated that, when a process is void, the
sheriff is not bound to execute it, nor liable for any
neglect, partial or total.   But otherwise, if the process
is voidable only; because, if the defendant in the exe-
cution does not seek to avoid the process, and where
the court might, if applied to, allow an amendment,
the sheriff can not avail himself of the defect in the
process."   Freem. Ex'ns, sec. 103.

Having determined that the process, though irreg-
ular, was not void, and that it was the duty of the
sheriff to have executed it, we proceed next to inquire
if the justification set out in his second plea is sufficient
to protect the defendant in error.   Omit-
ting the details, the substance of this
defense is that the defendant corporation
disclaimed the ownership of the property,
and that the same was claimed by a foreign corpora-
tion.   This was not sufficient.   The property levied on
was in the possession of the defendant corporation;
the defendant recites in his return of the original
writ that he believed it to belong to the defendant

company. "When an officer sues a defendant against whom he holds an execution in possession of property, it is his duty to make a levy, unless he knows that the apparent is different from the real ownership." Id., sec. 252.

Possession of personal property being prima facie evidence of ownership, whenever it is shown that the sheriff had knowledge that the defendant in execution was possessed of personal property, and he fails to levy upon it, the burden of proof is upon him to show that the property was not subject to execution." Taylor v. Wimer, 30 Mo. 129.

The plaintiffs in error, however, tendered the officer a good and sufficient indemnifying bond in a sum equal to double the amount of the judgment. This the officer declined to accept, because it was not in amount sufficient to cover the value of the property levied upon. In this, we think, the officer was in error. The law authorized him to levy upon only so much property as would be sufficient to satisfy the execution. If he had made an excessive levy, his demand upon the plaintiffs in error was, in effect, that they should not only indemnify him against the consequences of a mistaken ownership of the property, but against his own wrong in having made an excessive levy. A case might occur in which an officer finding but one item of property, and that largely in excess in value of the process to be satisfied, would be entitled to indemnity commensurate with the value of the property levied upon. The extraordinary schedule of property levied on in this case, however, shows that the demand of the defendant in error was unreasonable. The following schedule shows the character and items of property levied upon to satisfy the execution, amounting to $1,733.97, to wit: "Two locomotives, one designated as 'No. 5,' the other by name as 'General Meily;' one baggage and

*Margin note:* EXCESSIVE levy: indemnifying bond.

express car, numbered 15; two passenger coaches, numbered respectively, 10 and 12; eight freight covered cars, numbered  *  *  *;  nine flat cars, numbered *  *  *;  three coal cars, numbered  *  *  *;  40,-000 feet of manufactured lumber and bridge timber; eighty-five large piles; 7,000 ties; 2,300 splices; one barrel of bolts for splices; forty-seven kegs of railroad spikes; 301 long T rails, and fifty-eight common rails; also all the roadbed and right of way from the southern end of the track of said company's road at Santa Fe to the northern line of Santa Fe county; also the ties and rails in place in said roadbed within the county of Santa Fe." The judgment must be reversed and the cause remanded to the lower court, with directions to permit the plaintiffs in error to make such amendments of the execution as will make it conform to the judgment upon which it was issued.