MOLLINEAUX et al. v. MOTT.

(Supreme Court, Appellate Division, Second Department.   January 9, 1903.)

1. EXECUTION—SECOND WRIT—RETURN BY SHERIFF.
   Issuance of a second execution, before return of the first, is only an ir-regularity, making it voidable at election only of the party against whom it has been issued, and is no justification for the sheriff's failure to execute it.

2. SAME—ORDER TO SHERIFF.
   An order to a sheriff to return an execution should contain no direc-tion as to the form of the return; it should therefore not contain the words "either satisfied or nulla bona."

Appeal from special term, Queens county.

Action by William R. Mollineaux and others against George A. Mott. From an order directing that an attachment for contempt issue against Jerome B. Johnson, sheriff of Nassau county, unless he return an execution on the judgment for defendant, either sat-isfied or nulla bona, within 60 days after its receipt by him, he ap-peals. Modified.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-WARD, and HIRSCHBERG, JJ.

George B. Stoddart, for appellant.
Franklin Taylor, for respondents.

WILLARD BARTLETT, J. The defendant succeeded in this action, and on May 14, 1902, execution on the judgment in his favor was delivered to the appellant as sheriff of Nassau county. The sheriff failed to return the execution within 60 days after its deliv-ery, whereupon the respondent served him with a notice, pre-scribed by rule 6 of the general rules of practice, to return the ex-ecution within 10 days or show cause at the special term designated in the notice why an attachment should not issue against him. When the motion came on to be heard under this notice it was granted, and the court at special term made the order from which the present appeal is taken.

The sheriff sought to justify his failure on two grounds: (1) That the defendant's proceedings had been stayed by an appeal to the court of appeals; and (2) that the execution was irregular, inasmuch as an execution had previously been issued on the same judgment and not yet returned. Neither of these grounds was tenable. The proof shows conclusively that no appeal to the court of appeals had ever been taken, inasmuch as no notice of such an appeal had ever been filed with the clerk of Queens county, nor had any such notice of appeal or copy of an undertaking thereon ever been served upon the defendant. As to the prior execution, it did appear that one had been issued on June 1, 1899, and never returned, either satisfied or unsatisfied. This fact, however, was not available in the sheriff's favor as a reason for not returning the second execution. The issu-ance of a second execution before the first has been returned is only an irregularity of which no one but the party against whom it has been issued can take advantage. The second execution is not void,

·but merely voidable.  Horton v. Borthwick, 15 N. Y. Wkly. Dig.
309.  "Voidable process is so at the election of the party affected
by it, not the officer."   Parmelee v. Hitchcock, 12 Wend. 96.   Hence
·it was the duty of the sheriff to execute the second writ.

  The order, however, should not have contained any direction as
·to the form of the return.   It must, therefore, be modified by strik-
·ing out the words, "either satisfied or nulla bona," and as thus modi-
fied affirmed, without costs of this appeal to either party.   All con-
·cur.