WILLIAM R. MOLLINEAUX and BENJAMIN F. MOLLINEAUX, Composing the Firm of MOLLINEAUX BROTHERS, Plaintiffs, *v.* GEORGE A. MOTT, Respondent.

JEROME B. JOHNSON, Sheriff of Nassau County, Appellant.

*A second execution issued before the return of the first is voidable — that fact is not an excuse for a failure to return it.*

The issuance of a second execution before the first has been returned is an irregularity which renders the second execution voidable, but not void.

The irregularity is only available to the execution debtor and cannot be asserted by the sheriff as an excuse for his failure to return the second execution.

APPEAL by Jerome B. Johnson, sheriff of Nassau county, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 19th day of August, 1902, directing that an attachment for contempt issue against said sheriff unless he return an execution theretofore delivered to him " either satisfied or *nulla bona* " within ten days after the service of such order upon him.

*George B. Stoddart,* for the appellant.

*Franklin Taylor* and *George A. Mott,* for the respondent.

WILLARD BARTLETT, J. :

The defendant succeeded in this action, and on May 14, 1902, execution on the judgment in his favor was delivered to the appellant as sheriff of Nassau county. The sheriff failed to return the execution within sixty days after its delivery, whereupon the

respondent served him with the notice prescribed by rule 6 of the General Rules of Practice to return the execution within ten days or show cause at the Special Term designated in the notice why an attachment should not issue against him. When the motion came on to be heard under this notice it was granted, and the court at Special Term made the order from which the present appeal is taken.

The sheriff sought to justify his failure on two grounds : (1) That the defendant's proceedings had been stayed by an appeal to the Court of Appeals, and (2) that the execution was irregular inasmuch as an execution had previously been issued on the same judgment and not yet returned. Neither of these grounds was tenable. The proof shows conclusively that no appeal to the Court of Appeals had ever been taken, inasmuch as no notice of such an appeal had ever been filed with the clerk of Queens county, nor had any such notice of appeal or copy of an undertaking thereon ever been served upon the defendant. As to the prior execution it did appear that one had been issued on June 1, 1899, and never returned either satisfied or unsatisfied. This fact, however, was not available in the sheriff's favor as a reason for not returning the second execution. The issuance of a second execution before the first had been returned is only an irregularity of which no one but the party against whom it has been issued can take advantage. The second execution is not void, but merely voidable. (*Horton* v. *Borthwick*, 15 Wkly. Dig. 309.) "Voidable process is so at the election of the party affected by it, not the officer." (*Parmelee* v. *Hitchcock*, 12 Wend. 96.) Hence it was the duty of the sheriff to execute the second writ.

The order, however, should not have contained any direction as to the form of the return. It must, therefore, be modified by striking out the words " either satisfied or *nulla bona*," and as thus modified affirmed, without costs of this appeal to either party.

GOODRICH, P. J., WOODWARD and HIRSCHBERG, JJ., concurred.

Order modified by striking out the words " either satisfied or *nulla bona*," and as thus modified affirmed, without costs of this appeal to either party.