This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **NO. 29,472**

**GABRIEL TIMOTHEUS WISEHEART,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Sandra A. Grisham, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appeals the district court's judgment and sentence, entered pursuant to a jury trial by which Defendant was convicted for battery on a household member and acquitted of possession of a firearm. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We have given Defendant's arguments due consideration, and remain unpersuaded. We therefore affirm.

Pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), Defendant challenges the sufficiency of the evidence to support his convictions. [MIO 2] We engage a two-step analysis to evaluate a challenge to the sufficiency of the evidence presented to support a conviction. First, we "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. Second, we "make a legal determination of 'whether the evidence viewed in this manner 'could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt.'" *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994). "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is

sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789. The question for us is whether the trial court's "decision is supported by substantial evidence, not whether the court could have reached a different conclusion." *In re Ernesto M., Jr.,* 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318, 323. "[S]ubstantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted).

We look to the jury instructions to measure the sufficiency of the evidence to support the verdict. *See State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct. App. 1986). For the charge of battery against a household member, the jury was asked to determine whether the State proved beyond a reasonable doubt that Defendant intentionally touched or applied force to Katina Wiseheart by pushing her; Defendant acted in a rude, insolent or angry manner; Katina Wiseheart was a household member with a continuing personal relationship; this happened in New Mexico on or between October 20 and 24, 2007. [RP 87]

As we stated in our notice, the State presented testimony that on the evening of October 24, 2007, Defendant pushed his wife, Katina Wiseheart, in the course of a fight, and that she told him to leave, and called the police. [DS unnumbered page

2-3; MIO 1-2]  We further stated that because there was evidence that this incident occurred while the spouses were angry with each other and in an argument [DS unnumbered page 2; MIO 1-2], the jury could reasonably infer that Defendant intentionally, not accidentally, pushed Katina and did so in an angry manner. Viewing these facts in the light most favorable to the verdict, we proposed to hold that the evidence presented supports a reasonable inference and constitute sufficient evidence that Defendant committed battery on a household member. *See Cunningham*, 2000-NMSC-009, ¶ 26.

In response to our notice, Defendant does not set forth any new factual or legal arguments.  We remain persuaded that sufficient evidence was presented to support Defendant's conviction.  For these reasons, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**TIMOTHY L. GARCIA, Judge**

4

