———o———

JAS. F. HARDIN, Respondent, vs. JAMES LEE, Appellant.

1. *Lost deed—Proof of contents—Record—Imperfect acknowledgment.*— The contents of a lost deed cannot be proved in evidence, after the record thereof had been rejected for want of proper authentication of the certificate of acknowledgment, and without otherwise proving its execution.

2. *Jurisdiction of subject matter—Judgment not set aside collaterally—Executions, etc.*—In attachment suits the jurisdiction over any given subject matter is obtained by the levy thereon of a writ properly issued, and no matter what or how great irregularities may subsequently occur, its judgment in regard thereto will be valid and binding, until reversed by error or appeal, or set aside in a direct and appropriate proceeding for that purpose. A judgment can never be vacated collaterally; and never by a stranger under any circumstances. And the same rule applies to erroneous executions.

16—VOL. LI.

| 51 | 241 |
|----|-----|
| 36a | 423 |
| 51 | 241 |
| 40a | 123 |
| 51 | 241 |
| 105 | 96 |
| 44a | 620 |
| 51 | 241 |
| 114 | 295 |
| 51 | 241 |
| 122 | 471 |
| 51 | 241 |
| 128 | 340 |
| 51 | 241 |
| 71a | 336 |
| 51 | 241 |
| 145 | 202 |
| 51 | 241 |
| 154 | 606 |
| 154 | 607 |
| 51 | 241 |
| 155 | 470 |
| 51 | 241 |
| 87a | 576 |

*Appeal from Greene County Court.*

*McAfee & Phelps*, for Appellant.

The judgment could have been set aside for irregularity upon motion, at any time within three years, but was not void. And unless the judgment was absolutely void a title passed under the proceedings. (Perryman vs. Relfe, 8 Mo., 208; McNair vs. Biddle, 8 Mo., 257; Massey vs. Scott, 49 Mo., 278; Groner vs. Smith, 49 Mo., 318; Higgins vs. Peltzer, 49 Mo., 152; Martin vs. Barron, 37 Mo., 305; Vories vs. Bank, 10 Pet., 472, and cases cited; Cooper vs. Reynolds, 10 Wall., 308, and cases cited.)

*Bray & Hardin*, for respondent.

The case on which the Sheriff's deed is based, was brought whilst the statute of 1855 was in force. Under that statute no suit could be brought for injuries to the person, by attachment. (§ 1, ch. 12, 1 R. C., 1855, 238.)

That the court had jurisdiction over a case for damages for false imprisonment by an action of attachment, will not be claimed; and it would be a ridiculous stretch of the refining process to say that the plaintiff might sue an absent defendant for five thousand dollars for false imprisonment, and by tagging on to his petition a claim for one hundred dollars for the value of a horse, thereby make a case whereon a valid writ of attachment might issue.

That the plaintiff might have taken a writ of attachment for the matter contained in the second count we admit, but when " he combined it in the suit with the matter in the first count, he barred his right to attachment process.

"It ought not to be permitted a plaintiff to bring suit by attachment. * * (unauthorized by law) merely because he may have made an affidavit in pursuance of the statute, so as to entitle him to the writ. * * This would be perpetrating a fraud upon the law." (Elliott vs. Jackson, 3 Wis., 649.)

Courts can only acquire jurisdiction by the proper legal

process and cannot take jurisdiction by wrongful means, and if they do so all their proceedings are void and everything based upon such proceeding is void. (19 Johns., 39 ; 1 Hill, 130 ; 9 Johns., 239 ; 1 Den., 141–158; 5 Blackf., 462.)

SHERWOOD, Judge, delivered the opinion of the court.

Action of ejectment brought by James F. Hardin in the Greene Circuit Court against James Lee. Petition in usual form. Answer, a general denial. Both parties claim title through one W. W. Blackman. At the trial, plaintiff testified as to a deed made to him in February, 1868, by Blackman, which deed was lost and appears to have been defectively acknowledged, by reason of the seal of the notary who took the acknowledgment, not having been affixed thereto. The plaintiff then introduced the record of said deed which also showed a defective authentication of the acknowledgment. The court excluded the record of said deed, but permitted plaintiff to establish its contents against objections of defendant. Defendant then offered and read in evidence a sheriff's deed to Ingram for the property in controversy, made long prior to the one made by Blackman to plaintiff, and reciting the issuance and levy of a writ of attachment on the property in controversy, in a suit of Watts against said Blackman and others, judgment, and sale upon execution of said property to Ingram. Defendant also read in evidence a deed from Ingram to him for said property and rested. Plaintiff then, against the objections of defendant, read in evidence the record, proceedings and files in said cause of Watts against Blackman and others, from which it appeared that said suit was founded on wrongs for personal injuries, and for taking personal property. The proceedings were by attachment and appear to be sufficiently regular, with the exception above stated. The petition contained two counts, the first claimed damages for injuries to the person, to the amount of $5,000, and the second for $125 for taking personal property. The judgment was for $1,500 in gross, and ordered a special execution to issue. The court then without any further evidence,

excluded the sheriff's deed to Ingram, and the deed of the latter to defendant, and he excepted. The court then gave a declaration of law sustaining its own action in permitting plaintiff to prove the contents of the deed to him from Blackman, after the rejection of the record of said deed, and another declaration to the effect that all the proceedings in the suit of Watts vs. Blackman and others, were *absolutely void*, and that Ingram derived no title thereunder, to which defendant excepted. Counter declarations were refused defendant, and he again excepted, and judgment being given for plaintiff, after an unsuccessful motion for a new trial, defendant brings this case here by appeal.

It was a strange ruling indeed, which permitted the plaintiff to prove the contents of his lost deed after the rejection of the record of that deed for lack of proper authentication of the certificate of acknowledgment, and without otherwise proving its execution. (Patterson vs. Fagan, 38 Mo., 84; W S., p. 277–8, §§ 29, 30.)

But the main question in this case is, whether the proceedings in the case of Watts against Blackman and others were valid.

It is a rule universal in its acceptation, that when a court once acquires jurisdiction of a subject matter, any subsequent error or irregularity will not divest it. In attachment causes, the jurisdiction over any given subject matter is obtained by the levy thereon of a writ properly issued—and no matter what, nor how great errors or irregularities may subsequently occur, the *res* remains still in the grasp of the *court*, and its judgment in regard thereto will be valid and binding until reversed on error or by appeal, or set aside in a direct and appropriate proceeding for that purpose. Vacating a judgment can not be done collaterally, and never by a *stranger* under any circumstances. And yet this is the very attitude that this plaintiff occupies toward the Watts judgment and proceedings against Blackman.

That this judgment could have been amended no one can for a moment doubt; our statutes respecting amendments are almost illimitable in their scope.

Proceedings which are amendable are not void. The very fact that the court can make the amendment·shows *ex vi termini*, that the proceedings are merely *erroneous*, or irregular, and that the court has *jurisdiction*. (Hunt vs. Loucks, 38 Cal., 372; Parmelee vs. Hitchcock, 12 Wend., 96; Cooper vs. Reynolds, 10 Wall., 308.)

In Durham vs. Heaton, 28 Ill., 264, it is said: "A void writ has no vitality and nothing exists by. which it can be. amended—the breath of life cannot be infused into it, and it is a nullity. Not so with a writ voidable only, * * and all acts done under it, are valid and binding until set aside."

In Hunt vs. Loucks, *supra*, the court says: "Like an erro. neous judgment, an erroneous execution is valid until set aside upon a direct proceeding brought for that purpose, and until set aside, all acts which have been done under it are also valid. In a collateral action it cannot be brought in question, even by a party to it, much less, as in this case, by a stranger to it. Even directly it can not be attacked by a stranger, for it does not lie in the mouth of A. to say, by it B. has been made to pay too much money, and therefore all proceedings under it are null and void."

Tested by the rules above laid down, which are sustained, as I am fully satisfied, by the authorities cited, the judgment of·Watts against Blackman and others was although grossly erroneous, yet not void—and the plaintiff in the present ac tion is not in a condition to assail that judgment, either directly or indirectly, even if his deed from Blackman were unexceptionable in every particular.

With the concurrence of the other judges, the judgment will be reversed and the cause remanded.