## SHEA et al. v. SHEA, Appellant.

### Division Two, March 5, 1900.

1. **Jurisdiction of Res:** ATTACHMENT: LEVY: COLLATERAL ATTACK. In attachment causes the jurisdiction over any subject-matter is obtained by the levy thereon of a writ properly issued, and no matter what or how great errors or irregularities may subsequently occur the *res* still remains in the grasp of the court, and its judgment in regard thereto will be binding until reversed on appeal or set aside in a direct proceeding for that purpose.

2. ———: ———: DEATH OF DEFENDANT AFTER LEVY BEFORE JUDGMENT. Defendant herein filed suit in the circuit court on March 20, 1887, and attachment was awarded and levied on personalty, but nothing being realized thereunder, an additional writ was sued out, under the statute, on March 17, 1888, which was regularly levied on the lands in suit on March 21st, and an order of publication against the absconding attachment defendant was duly made and published, but he died in Canada on March 30th, and on May

1st judgment for $1,500 was rendered against him and also sustaining the attachment, and the lands were sold, and this defendant became the purchaser, and this suit is in ejectment by the heirs of the defendant in the attachment suit. *Held, first,* that for all practical purposes the suit in attachment was a proceeding *in rem,* and jurisdiction over the *res* was fully acquired by the seizure under a regular writ in the lifetime of the attachment debtor; *second,* that his subsequent death before the order of publication was or could by law have been executed did not render void the judgment made in ignorance of his death; *third,* the judgment in attachment not being void, the sheriff's deeds thereunder are in a collateral proceeding like ejectment a bar to the recovery of a judgment for possession by the heirs of the attachment debtor.

2. **Ejectment:** ESTOPPEL. Where a defendant in ejectment bought lands in good faith at a sheriff's sale under execution, and went into possession and for a long period of years exercised ownership over the same and made lasting and valuable improvements thereon and paid the taxes, with the knowledge of the plaintiffs, who during all that time claimed the title to the same and knew defendant did, they are estopped from asserting such title as against her, although her deeds are void.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,* Judge.

REVERSED AND REMANDED.

*Rechow & Pufahl* for appellant.

(1) Where persons stand by knowing their rights in the premises, and see others making lasting and valuable improvements, and paying taxes thereon, they are estopped from claiming the same. Evans v. Snyder, 64 Mo. 516; Landram v. Bank, 63 Mo. 48; McNees v. Swaney, 50 Mo. 388. (2) The court having acquired jurisdiction of the subject-matter by the filing of the proper petition, affidavit and bond for attachment, the writ of attachment and the levy thereof gave the court jurisdiction of the *rem,* and no subsequent irregularity will make the proceedings void. Freeman v. Thompson, 53 Mo. 183; Hardin v. Lee, 57 Mo. 242; Kane v. McKowan, 55 Mo. 199; First Nat. Bank v. Hughes, 10 Mo.

App. 11; Simmons v. Railroad, 19 Mo. App. 545; Abernathy
v. Moore, 83 Mo. 71; Johnson v. Gage, 57 Mo. 165. And
additional writs of attachment may issue. R. S. 1889, sec.
534 et seq. (3) When the court has acquired jurisdiction
the death of a party, before final judgment, does not make
such judgment void. Coleman v. McAnulty, 16 Mo. 173;
Castleman v. Relfe et al., 50 Mo. 588; Union Bank v. Mc-
Whaters, 52 Mo. 35; Hardin v. McCanes, 53 Mo. 264; Lewis
v. Coombs, 60 Mo. 48; Posthlewaite v. Ghiselin, 97 Mo. 425;
Van Fleet Col. Attack, sec. 602; 1 Black on Judg., sec. 200;
1 Freeman on Judg., sec. 153; 11 Ency. Pl. and Prac., sec.
843 et seq.; 12 Am. and Eng. Ency. of Law (1 Ed.), 147 U.
and note 7.

*Ross* and *Sea* for respondents.

GANTT, P. J.—This is an action of ejectment for cer-
tain lands in Polk county, Missouri.

The plaintiffs are four of the nine children and grantees
of Patrick Shea late of said county. The defendant is in
possession of said lands under sheriff's deeds to said lands
under judgments rendered against said Patrick Shea. The an-
swer is a general denial, and an equitable estoppel. Judgment
was rendered for plaintiffs for four-ninths of the land, and
defendant appeals.

The facts developed on the trial were these: Patrick
Shea the common source of title moved to Polk county some-
time prior to the year 1878. He came from Kentucky.
He was a married man and left a wife in Kentucky by whom
he had eight children. Mrs. Louisa E. Shea believing him
to be a single man, was married to him in Polk county and
had by him one child, a daughter, named Nora Shea, sixteen
years old at the time of the trial in the circuit court. In the
spring of 1887 a man representing Patrick Shea's wife in
Kentucky came to Polk county to investigate his affairs.

That visit and some papers found by Mrs. Louisa Shea about that time developed that he had a wife living in Kentucky from whom he had never been divorced when he married Mrs. Louisa E. Shea, the defendant herein. By the assistance of Louisa E. Shea, Patrick had accumulated some four hundred acres of land worth $4 to $6 per acre, and money and personal property to the amount of twelve thousand dollars. Alarmed at the prospect of an indictment for bigamy, Patrick Shea rapidly sold off his personal property and collected and sold his notes through the assistance of his grown son John Shea.

Mrs. Louisa E. Shea upon learning that she was not the lawful wife commenced an action by attachment against Patrick Shea, to annul her marriage to him, and for alimony, and also in a second count for damages in the sum of twenty-five hundred dollars based upon her services to him for nine years, induced by his fraudulent conduct and the concealment of his prior marriage. The petition was filed March 20, 1887. An affidavit was filed charging said Patrick with having absconded and absented himself from his usual place of abode so that the ordinary process of law could not be served on him, and with removing his property and effects out of this State to hinder, defraud and delay his creditors, and that the damages for which Mrs. Shea was suing were for injuries arising from his commission of a felony, to wit, bigamy. A bond for $5,000 was given and approved and the land in suit was duly attached on the 21st day of March, 1888, and an abstract duly filed on the same day in the recorder's office. Publication was made as required by law. At the May term, 1888, judgment was rendered for plaintiff for $1,500 damages, sustaining the attachment and awarding a special execution. Execution issued and the land was sold and Mrs. Louisa E. Shea became the purchaser and received a sheriff's deed to the land, October 31, 1888, and a second sheriff's deed on May 2, 1890, for the same premises under another judgment by

attachment for $318, for moneys of said Louisa which said Patrick owed her. Patrick so effectually disposed of his personal property that nothing of consequence was realized on the attachments from that source.

It is conceded that the deed to his children, the plaintiffs, under which they claim title, was voluntary and without other consideration than love and affection. Indeed, Mr. Ross who drew the deed testified it was executed because Patrick was threatened with a prosecution and his wife in Kentucky was demanding $5,000. None of the children were present when the deed was made. It was made and handed to Mr. Ross for them. It is not pretended any consideration was paid or intended to be paid. Ross was not the agent of the heirs. Either he or John Shea put the deed to record. John did not represent the heirs in getting the deeds.

Having disposed of his property Patrick Shea went to Canada. He died at Windsor, Canada, March 30, 1888.

The court gave declarations for plaintiffs, over defendant's objections, as follows:

"1. If the court finds for plaintiffs it will find the amount due each as damages and rents in accordance with his or her interest from the time of the commencement of this action.

"2. It is admitted that both plaintiffs and defendant, Louisa E. Shea, claim title to the land in controversy under the same person, Patrick Shea.

"3. If the defendant, Patrick Shea, was dead, at the time of the trial and rendition of the judgment upon which the first sheriff's deed offered in evidence, by defendant, was founded, the deed so offered is void and conveyed no title.

"4. If the suit was instituted, the judgment rendered and the whole proceedings had after the death of Patrick Shea, the defendant therein, in the cause wherein the second deed offered by defendant was founded such judgment proceedings and the deed thereunder were void and the deed conveys no title."

To which action of the court in giving said declarations of law, the defendants then and there duly objected and excepted at the time.

The defendants asked the court to give the following declarations of law:

"1.   If the defendant bought the lands in controversy in good faith and went into possession or retained possession and for a long period of years exercised all the acts of ownership over the same, and made valuable and lasting improvements thereon, and paid all the taxes, with the knowledge of the plaintiffs, or some of them, and they knew that they claimed the title to said premises, that they are now trying to assert during all that time, then they are estopped from asserting such title as against her, even if the title under which she claimed was void.

"2.   If the defendant, Mrs. Shea, was the legal wife of Patrick Shea, and as such filed her claim of homestead, then the said Patrick Shea was divested of any power to convey the same and any attempted conveyance of the same was void.

"3.   The court declares the law to be that if it appears that defendant Nora Shea is a minor and is in possession of the homestead in connection with her mother, then as to that there can be no recovery in this action.

"4.   The court declares the law to be that the proceedings which culminated in the judgment of May 2, 1888, in evidence, in which Louisa E. Shea was plaintiff and Patrick Shea defendant, even if it was rendered after the death of Patrick Shea, is not subject to collateral attack, and the deed in evidence, made upon an execution sale thereunder, conveyed the title of said Patrick Shea as of the time of the levy of the writ of attachment in said cause, and the issues must be found for the defendant."

The court gave those numbered 1, 2 and 3 and refused instruction numbered 4, and defendant duly excepted.

The verdict and judgment was for plaintiffs for four-

ninths of two hundred and eighty acres of the land, and for damages and monthly rents and profits.

I.   If the defendant Mrs. Louisa E. Shea acquired title by her sheriff's deeds or either of them, from the sheriff of Polk county on her attachment suits it will be unnecessary to consider the other defenses tendered by her, however meritorious they may be.

The plaintiffs' instructions, taken with the instruction numbered 4, asked by defendant, very clearly indicate the ground on which the battle was fought in the circuit court.

The plaintiffs insisted that the defendant's action against Patrick Shea was commenced and prosecuted to judgment after the death of Patrick Shea, and the judgment and the deeds thereunder were for that reason void, whereas defendant contended her action was commenced and her attachment levied in the lifetime of said Patrick and prosecuted to final judgment in ignorance of his death and her judgment was not void, and if not was not open to collateral attack in this action of ejectment.

By reference to the statement already made it is to be observed that the petition of Mrs. Louisa E. Shea against Patrick Shea was filed in the clerk's office on March 20, 1887, and a writ of attachment sued out, under which the sheriff summoned various debtors of Patrick Shea as garnishees, but as it turned out these parties had either paid their debts to him or their notes were negotiable and Patrick Shea had indorsed them to persons unknown, and little if anything was realized thereon.

Thereupon an additional writ of attachment was sued out by virtue of the statutes, section 534 et seq. on the 17th day of March, 1888, by virtue of which the sheriff of Polk county on March 21, 1888, levied upon and seized the lands in suit, and an order of publication having been made notifying Patrick Shea of the commencement of said suit and duly published, judgment was rendered on May 1, 1888, sustaining said

attachment and awarding plaintiff therein judgment for fifteen hundred dollars and costs of suit. Patrick Shea died March 30, 1888.

Had jurisdiction of the circuit court attached before his death, and if so did his death oust the jurisdiction of that court to proceed to a valid judgment?

The petition stated a cause of action which authorized an attachment, and survived his death. [Higgins v. Breen, 9 Mo. 497.]

The filing of the petition, affidavit and bond for attachment, the issuance of the writ and the levy thereof during the lifetime of Patrick Shea gave the court jurisdiction of the attached land. [Hardin v. Lee, 51 Mo. 241; Freeman v. Thompson, 53 Mo. 183; Abernathy v. Moore, 83 Mo. 71.]

It is well settled in this State, whatever may be the judicial opinion in other jurisdictions, that an action begun and prosecuted against a defendant who was dead when it was begun is absolutely void and can be attacked collaterally as well as directly. [Bollinger v. Chouteau, 20 Mo. 89; Williams v. Hudson, 93 Mo. 524; Crosly v. Hutton, 98 Mo. 196; Graves v. Ewart, 99 Mo. 13; Jaicks v. Sullivan, 128 Mo. 177.]

But the great weight of authority in this country is that where a court has acquired jurisdiction of the subject-matter and of the person, the death of the defendant before the judgment is rendered, will not render the judgment void for that reason. [Yaple v. Titus, 41 Pa. St. 195; Warder v. Tainter, 4 Watts, 279; Collins v. Mitchell, 5 Fla. 364; Freeman on Judgments (4 Ed.), sec. 140.]

We proceed one step further. The action by attachment in Louisa Shea v. Patrick Shea, only sought to subject his lands and property in Polk county to the satisfaction of any judgment she might receive. For all practical purposes it was a proceeding *in rem.*

Jurisdiction over the *res* had been fully acquired by the seizure under a regular writ in the lifetime of Patrick Shea. Does the fact that he subsequently died before the order of

publication was or by law could have been executed, render the judgment obtained thereon in ignorance of his death void?

Our answer is that in this court in all collateral attacks. it is held that in attachment causes the jurisdiction over any given subject-matter is obtained by the levy thereon of a writ properly issued and no matter what nor how great errors or irregularities may subsequently occur the *res* remains still in the grasp of the court and its judgment in regard thereto will be valid and binding until reversed on error or appeal or set aside in a direct and appropriate proceeding for that purpose. [Hardin v. Lee, 51 Mo. 241; Freeman v. Thompson, 53 Mo. 183.]

The completion of the publication after Patrick Shea's death was irregular and no doubt the court would have proceeded no further had that fact been brought to its attention, but it was not, or it would doubtless have set aside the judgment had application been made within the time permitted by statute but it must be held that the judgment obtained in that suit was not void and hence is not open to this collateral attack. The circuit court's instruction numbered 3 and 4 for plaintiffs were erroneous because the record itself disclosed the suit was brought and writ levied prior to the death of Patrick Shea. It likewise erred in refusing defendant's 4th instruction which was in consonance with the views already expressed.

II. The circuit court gave defendant's first instruction and the evidence seems to have established every fact upon which it is predicated and yet the court rendered judgment against that finding. It is quite plain that the court erred in this respect also. Plaintiff can not recover this land in ejectment even though the judgment for Mrs. Shea was void. They have been guilty of the grossest laches and are equitably estopped. [Evans v. Snyder, 64 Mo. 516; Landrum v. Union Bank, 63 Mo. 48; Collins v. Rogers, 63 Mo. 515.]

For the foregoing errors the judgment of the circuit court

is reversed and the cause remanded for further proceedings in accordance with this opinion. *Sherwood* and *Burgess, JJ.*, concur.