H. M. WEIDMAN, Appellant, v. H. G. BYRNE, et al., Respondents.

Springfield Court of Appeals, December 16, 1920.

1. **JUSTICES OF THE PEACE:** Purchaser from Vendee at Sale Acquired no Title where Judgment was Insufficient to Pass Title. Where judgment and proceedings before a justice of the peace in' attachment were insufficient to pass title to a purchaser at a constable's execution sale, a vendee of such purchaser acquired no title.

2. ———: Return of Constable Held Insufficient to Base Order for Constructive Service on Corporation. A return of constable, "and further executed this writ . . . by making a diligent search for and failing to find the president, vice president, or other chief officer of the N. Co., a corporation, within my county," was insufficient to show that service was had upon any agent in charge of any place of business, or some agent or employee of the defendant corporation, and hence was insufficient upon which to base an order of the justice for constructive service, under Revised Statutes 1909, section 7423.

3. ———: Valid Service in Some Form Necessary against Foreign Corporation in Attachment. In an attachment of goods of a foreign corporation, not only must the res be properly attached, but there must also be some form of valid service, under Revised Statutes 1909, sections 7640, 7641 and 7423.

Appeal from the Jasper Circuit Court.—*Hon. Grant Emerson*, Judge.

AFFIRMED.

*George V. Farris* for appellant.

A corporation chartered by a foreign State is a foreign corporation and is liable to attachment as a non-resident debtor, even though it may have an officer and doing business in the State in which the attachment is issued. City of St. Louis v. Wiggins, 40 Mo. 580; 1st

Shinn Attachment, section 105; 6 Corpus Juris 51. In the case at bar the defendant cannot collaterally attack the judgment or raise the issue as to whether the grounds of attachment should be sustained for the reason that no plea in abatement was filed so that the court's action in sustaining said attachment is *res judicata.* Freymark v. McKenney Bread Company, 55 Mo. App. 435.

*George J. Grayston* and *J. B. Steiner* for respondents.

(1) The attachment in the justice's court being without bond, the proceedings are void. The only ground of attachment applicable to the defendant corporation was the second ground mentioned in the statute: that defendant was a corporation whose chief office was outside of the State of Missouri. R. S. 1909, section 2294; Farnsworth v. Railroad Co., 29 Mo. 75, 77-78; Tamblyn v. Lead & Zinc Co., 161 Mo. App. 298. (2) A bond is required as a condition precedent to attachment in justices' courts. Sections 7638, 7639, 7654, 2298; 4 Cyc. 527; Jasper County v. Chenault, 38 Mo. 358; Stevenson v. Robins, 5 Mo. 18; Hargadine v. Van Horn, 72 Mo. 370; Burnett v. McCluey, 78 Mo. 676; Norman v. Horn, 36 Mo. App. 419; Bank v. Garton, 40 Mo. App. 113; Owens v. Johns, 59 Mo. 89. (3) The return on the summons was insufficient, in that it failed to show inability to find an office, agent or employee of the defendant corporation. R. S. 1909, sections 7640, 7641, 7423; Byrd v. Steele, 49 Mo. App. 419; McCloon v. Beattie, 46 Mo. 391. (4) The return on summons is insufficient to show attempt to serve in proper time. Section 7423 requires ten days' service. The constable cannot reset the case, but must serve ten days before the day of trial or not at all. Henman v. Westheimer, 110 Mo. App. 197. (5) The officer is required to continue the search during all of the time within which service may be made. Lumber Co. v. Deneen, 220 Mo. 184; Lumber Co. v. Jones, 220 Mo. 190; Williams v. Sands, 251 Mo. 147. (6) Constructive notice by posting notices in four public places

twenty days before the day set for trial can only be resorted to "when the defendant cannot be summoned." Then only finding that the defendant could not be summoned is a deduction by the justice of the peace from the constable's return, and the return does not warrant such deduction or finding. Section 7646; Byrd v. Steele, 49 Mo. App. 419; McCloon v. Beattie, 46 Mo. 391.

BRADLEY, J.—This is a suit in conversion. Plaintiff alleges that he was the owner and entitled to the possession of an air compressor and some other personal property of the value of $1000, and that the defendants wrongfully converted said property to their own use to plaintiff's damage. The answer was a general denial. Whatever title plaintiff had was derived from an execution sale under certain proceedings in a justice of the peace court. The cause was submitted to the court on an agreed statement of facts, and the finding was for defendants, and plaintiff appealed.

The Mount Nebo Lead & Zinc Company and two individuals were parties defendant in the case at bar, but we will speak of defendant as applying to the company for convenience. One Edes proceeded by attachment in a justice of the peace court to recover $250 of and from defendant, Mount Nebo Lead & Zinc Company, an Oklahoma corporation. The grounds for attachment in the Edes suit were: That the defendant is not a resident of this State; that the defendant is a corporation whose chief office or place of business is out of this State. On the theory that no bond was required since the defendant in the attachment suit in the justice court was a nonresident, none was given. With the attachment writ issued by the justice the constable on the day of issue, to-wit, June 8, 1918, attached as the property of the Mount Nebo Lead & Zinc Company the property here alleged to have been wrongfully converted by said company. It is conceded that defendant Mount Nebo Lead & Zinc Company was the owner of the attached property before the proceedings in the attachment case

in the justice court, and that said company is yet the owner unless such proceedings divested it of title. So far as appears the statement and affidavit for attachment in the Edes case in the justice court were regular. The constable made his return on the attachment writ, which contained also a summons, that he attached certain property describing it, on June 8th, which includes the alleged converted property, and then the return continues: "And further executed this writ on the 20th day of June, 1918, by making a diligent search for and failing to find the president, vice-president or other chief officer of the within named Nebo Lead & Zinc Co., a corporation, within my county." The return day in the justice court was June 20th. On that day the justice noted in his docket, "that property and effects of the defendant have been attached and that the defendant has not been and cannot be summoned and does not appear in this action, it is therefore ordered that the plaintiff give notice" to defendant by four written or printed advertisements set up in four public places in the county that a writ was issued against it and its property attached to satisfy the demands of the plaintiff, and that unless defendant appeared at the office of the justice on the next law day, July 10, 1918, judgment would be rendered and the property sold. On the next law day, July 10th, defendant did not appear, and a general judgment was rendered, but a special execution issued. Under this execution the constable on the same day levied upon and advertised the attached property for sale on July 20th. The property was sold by the constable to one Scott, and Scott sold whatever interest he had to plaintiff in the present case. It does not appear how the property got out of plaintiff's possession, but it is stated in the agreed statement "that the defendants before this suit was brought acquired possession of said property by virtue of a replevin suit against parties other than this plaintiff."

The Mount Nebo Lead & Zinc Company, defendant in the Edes attachment suit in the justice court, and de-

fendant here, appeared in the justice court on July 26th and filed its affidavit and bond for appeal from the judgment of the justice, and it being a nonresident of the county and having twenty days to take its appeal, Section 7568, Revised Statutes 1909, the appeal was granted, and the transcript lodged with the circuit court. On granting the appeal the justice did not give the defendant the certificate provided for by Section 7572, Revised Statutes 1909, for presentation to the constable to secure release of the property. Defendant makes the excuse for its failure to request such certificate that the constable had already sold the property when it took its appeal, and such certificate and presentation would have been useless. It appears in the brief of the defendant here that it was successful in the circuit court in defeating the Edes claim. This fact, however, does not appear in the record, and is not of consequence in the determination of the cause.

The validity of the judgment and other proceedings in the justice court resulting in the sale of the attached property to plaintiff's vendor are challenged by defendant in the case at bar. If that judgment and proceedings there were insufficient to pass title to plaintiff's vendor who bought at the constable's execution sale, then plaintiff's vendor got no title, and consequently plaintiff got none. That is, if those proceedings did not divest defendant in the case at bar of title to the property alleged to have been converted by it, then plaintiff cannot recover. Defendant contends: (1) That the return of the constable is wholly insufficient to support or justify the order of the justice for constructive service; (2) that the no bond provision of Section 2298, Revised Statutes 1909, does not apply to a nonresident corporation, and since no attachment bond was given in the justice court the whole proceeding therein was a nullity and void; (3) that since defendant had twenty days in which to appeal, and did appeal within that time, that the constable had no authority to sell under the execution until defendant's time to appeal expired, and that having sold with-

in that time such sale passed no title to the purchaser.

Section 7640, Revised Statutes 1909, prescribes the form for the writ which includes the summons to be issued in attachment proceedings in a justice of the peace court. Section 7641 provides that such writ shall be issued and returned in like time and manner as the ordinary summons. Section 7423 provides that every summons issued by a justice of the peace unless otherwise provided shall be served at least ten days before the return day, and where the defendant, not being a railroad corporation, is a corporatin organized under the laws of this or any other state, the service shall be made by delivering a copy of the writ to any agent of such corporation or company in charge of any office or place of business, or if it have no office or place of business then to any agent or employee in any county or city where such service may be obtained. The constable in his return says that he has made diligent search for and failed to find the president, vice president or other officers, but did not say that he searched for and could not find an agent of the defendant corporation in charge of an office, or that he searched for and could not find an agent or employee in the county. The constable making the return seems to have attempted to obtain service as provided under section 1766, Revised Statutes 1909, which pertains to service of process out of the circuit court, The return in question did not show that service could not have been had upon some agent in charge of an office or place or business or upon some agent or employee. Defendant contends that if there was no sufficient return upon which to base the order of the justice for constructive service, then there was no service, and the attempted service was a nullity and void, and the justice did not acquire jurisdiction of the res and could not therefore render any judgment. The writ was issued June the 8th and was returnable June the 20th, and the return shows that the "diligent search was made on June 20th, the return day of the writ. The contention that the return of the constable is wholly insufficient to support or jus-

tify the order of the justice for constructive service is predicated upon the assumption that service of some sort, other than the actual seizure under the attachment writ of the property of defendant was necessary in order to give the justice jurisdiction in order to render judgment.

In some jurisdictions it is held that it is the constructive service, and not the seizure in attachment which gives the court jurisdiction, where personal service cannot be had. [2 R. C. L. 849; Bank v. Richardson, 34 Ore. 518, 54 Pac. 359, 75 A. S. R. 664.] We discuss briefly the rule as it once prevailed in this State prior to the opinion by the Supreme Court in Givens v. Harlowe, 251 Mo. 231, 158 S. W. 335. In Hardin v. Lee, 51 Mo. 241, it was held that in attachment the jurisdiction over the subject-matter was obtained by the levy thereon of a writ properly issued, and no matter what nor how great errors or irregularities may have subsequently occurred, the *res* remained still in the grasp of the court, and that its judgment in regard thereto would be valid and binding until reversed in error or by appeal or aside in a direct and appropriate proceeding for that purpose. [See, also, Summers v. Railroad, 19 Mo. App. 545; Freeman v. Thompson, 53 Mo. 183; Kane v. McCowan, 55 Mo. 181; Holland v. Adair, 55 Mo. 40; Johnson v. Gage, 57 Mo. 160; Abernathy v. Moore, 83 Mo. 65; Godman v. Gordon, 61 Mo. App. 685; Shea v. Shea, 154 Mo. 599, 55 S. W. 869.] In Randall v. Snyder, 214 Mo. l. c. 33, 112 S. W. 529, GANTT, J., speaking for the court quoted from Holland v. Adair and Shea v. Shea, supra, and reaffirmed the rule that jurisdiction of the *res* in attachment where personal service was not had depended upon the levy of the writ and not upon subsequent proceedings. In Givens v. Harlowe, supra, the question of constructive service was under consideration. There our Supreme Court said: "The *res* must be attached and properly attached, but this is not all. Section 2316, Revised Statutes 1909, which has been the law for years says 'the writ and petition' shall be served upon the de-

fendant as an ordinary summons.' The property must be attached and the defendant notified, is the meaning of this language. If the writ of attachment which contains a summons, cannot be served personally upon the defendant, then one form of substituted service must be had, i. e., a publication or service personally upon the defendant in a sister State, as was attempted here. The law requires both of these steps to be taken before the court can proceed to render a judgment in an attachment proceeding.'' The rule in Missouri according to the authority of Givens v. Harlowe, and the cases cited below seems now to be that not only must the *res* be properly attached, but there must also be some form of valid service. [See Payne v. Brooke et al., 217 S. W. (Mo. App.), 595; Cole et al. v. Parker-Washington Co., 276 Mo. 220, 207 S. W. 749; Graves v. Smith et al., 213 S. W. (Mo.) 128.] Since there was no return upon which the justice could base his order for constructive service it follows that there was in law no service at all, and the justice acquired no jurisdiction over the *res* and the judgment attempted to be rendered was and is a nullity. It is not necessary to determine the other questions raised. The judgment is affirmed. *Sturgis, P. J.,* and *Farrington, J.,* concur.

### ON MOTION FOR REHEARING.

PER CURIAM:—Our attention is specifically directed to the return in Advalorum Mining Co. v. Miller, 274 Mo. 696, 204 S. W. 387, and appellant urges that our holding as to the return in the instant case is in conflict with that case. We have examined that case, and we do not agree with appellant's contention. In the instant case the constable in his return as pointed out in the opinion did not even attempt to make his return in accordance with section 7423, Revised Statutes 1909, and shows by the return that no attempt at service was made in accordance with said section. This section directs the manner of service of process from a justice of

the peace court against any corporation, except a railroad corporation, doing business in this State. The statute says that service shall be "by delivering a copy of the writ to any agent of such corporation in charge of any office or place of business, or if it have no office or place of business, then to any agent or employee in any county or city where such service may be obtained." The "President, Vice-president or other chief officer" may be or may not be *in charge of an office or place of business,* and if not, then service upon such an officer would not comply with the statute if some other agent in charge of an officer could be served. We think that the conclusion reached as to the sufficiency of the return correct, and the motion for rehearing is overruled.