CLYDE WAMSLEY v. JOHN S. SNOW ET AL., NETTIE N. REPINE, Appellant.—53 S. W. (2d) 258.

Division Two, September 28, 1932.

*Walter E. Trice* and *Daniel H. Frost* for appellant.

*R. H. Musser* and *Frank L. Pulley* for respondent.

WESTHUES, C.—This is a suit in partition. The subject-matter of dispute is a 1/11 undivided interest in certain real estate situated in Daviess County, Missouri. Plaintiff, respondent, claimed title by virtue of a sheriff's deed executed in pursuance of an execution sale to enforce the payment of a judgment against Omar Burr Snow. Defendant, appellant, Nettie N. Repine claimed title to the 1/11 interest in dispute by virtue of a quitclaim deed executed by Omar Burr Snow.

In order to understand the case a detailed statement of the facts will be necessary. Omar Burr Snow owned the title to the land in dispute in October, 1920, and while he was the owner he killed one Dick Wamsley. On November 15, 1920, the administrator appointed for Wamsley's estate filed an attachment suit in the Circuit Court of Clinton County and a writ of attachment was directed to the Sheriff of Daviess County, Missouri. On November 16, 1920, the sheriff levied upon and attached the 1/11 interest of Omar Burr Snow, which is the subject of controversy in this suit. On January 21, 1921, judgment was rendered in favor of the administrator and against Omar Burr Snow in the sum of $2,000 and the attachment was sustained. May 28, 1921, a special alias execution was issued, and the interest here in dispute was sold on October 26, 1921. Plaintiff purchased and was given a deed at this sale. A previous execution had been issued to the Sheriff of Clinton County, Missouri, and returned only partially satisfied. Appellant, defendant Nettie N. Repine, a sister of Omar Burr Snow, received a deed from Snow dated November 16, 1920, acknowledged November 20, 1920, and recorded on December 1, 1920.

On January 12, 1921, Omar Burr Snow was convicted of murder in the first degree, and on January 22, 1921, was sentenced to life imprisonment. Snow was confined in the penitentiary from January 23, 1921, until the 18th day of March, 1922, when the Supreme Court of Missouri reversed and remanded the case for a new trial. [See 238 S. W. 1069.] Snow was not granted a *supersedeas* pending his

264

appeal to the Supreme Court. Subsequently Snow was convicted of murder in the second degree and sentenced to the penitentiary for a term of fifty years. This fact, however, is immaterial in this case.

The validity of the deed under which appellant, Repine, claimed her title is not disputed. Neither is the validity of the judgment for $2,000 or the sustaining of the attachment questioned. The sole question is the validity of the sheriff's deed conveying the interest in the land to plaintiff, respondent here.

■ It is appellant's contention that while Omar Burr Snow was serving a life term in the penitentiary he was civilly dead and, therefore, the special execution and sale were void. Appellant cites Sections 2295 and 1770, Revised Statutes 1919, now Sections 12972 and 1319, Revised Statutes 1929. Section 12972 provides as follows:

"Whenever any person shall be imprisoned in the penitentiary under a sentence of imprisonment for life, his estate, property and effects shall be administered and disposed of, in all respects, as if he were naturally dead."

Section 1319 reads:

"After the death of any defendant, no court or judge shall order, as above directed, the sale of any property or effects attached as belonging to such decedent, but the same shall be sold and the proceeds thereof appropriated in the manner provided by law respecting administrators and executors."

Plaintiff, respondent, contends that, pending the appeal of Snow to the Supreme Court, the judgment of conviction was kept in abeyance and when the case was reversed and remanded it nullified the judgment of conviction and, therefore, the above statutes did not apply.

We cannot agree to this contention. The purpose of the statute is to protect the property rights of a convict while he is incarcerated in the penitentiary. The fact that while defendant was in the penitentiary an appeal was pending from the conviction and sentence, did not change the situation. He would have been just as helpless to defend his rights in a civil case as if no appeal had been taken. In McLaughlin v. McLaughlin, 228 Mo. l. c. 652, 129 S. W. 21, this court said:

"To our mind the enactment of article 2, chapter 141, had no other purpose than that of protecting the estate of a convict. It is a step in advance of the common law. Under the common law he could be made a party defendant, but he was shorn of the power to make a real defense. Civilly dead, he could not contract as to his defense. Incarcerated, he could not defend in person. Every means of a real defense was taken from him, and the Legislature had some purpose when it passed these laws as to the preservation of his estate.

To our mind that purpose was to compel the appointment of a trustee whenever it was desired to attack his estate, either for the payment of debts or for the support and maintenance of his wife and children.''

We, therefore, hold that while defendant was confined in the penitentiary he was entitled to the protection of the provisions of the statute above quoted.

The next question to consider is, did Snow have any rights in the property here in question? We think not. Prior to the time Snow was sentenced to the penitentiary there was a valid judgment rendered against him in favor of the administrator of the estate of Wamsley. The attachment was sustained and the judgment decreed to be a special lien against the real estate in question. Snow, prior to his conviction, had deeded all his title in the property to appellant, Repine. The title, conveyed by the deed of Snow, was subject to the attachment lien. A trustee or administrator, appointed under the statute to take all the property of Snow, could not have taken this property as part of Snow's estate because he had no interest therein.

A special alias execution was issued against Snow to be satisfied out of the real estate attached. The first execution issued to the Sheriff of Clinton County had been returned only partially satisfied. If this special alias execution was void then the sale was void and plaintiff derived no title by his deed from the sheriff. If the execution and the sale were only voidable plaintiff obtained a good title. This question, though not under identical circumstances, has been before this court on several occasions. [In re Shea v. Shea, 154 Mo. 599, 55 S. W. 869, 77 Am. St. Rep. 779.] Real estate was attached and judgment rendered in the attachment suit under service by publication. The defendant in the attachment suit conveyed his interest in the land to a third person. Defendant died after the property was attached and prior to the publishing of the order of publication notifying him of the suit. The attachment suit was prosecuted to judgment, execution and sale without the appointment of a trustee or the administrator being made a party. The court held in a contest between a purchaser at the execution sale and the grantee of defendant that the purchaser at the execution sale received a good title. The court also held that the circuit court having acquired jurisdiction of the subject-matter, the proceedings subsequent to the death of defendant were voidable and not void. The court said:

'' . . . The completion of the publication after Patrick Shea's death was irregular and no doubt the court would have proceeded no further had that fact been brought to its attention, but it was not, or it would doubtless have set aside the judgment had application been made within the time permitted by statute but it must be held

that the judgment obtained in that suit was not void and hence is not open to this collateral attack.''

In 49 L. R. A. 160, note, we find the following language:

'' . . . The majority of cases hold that a judgment taken against a party who dies after suit, but before judgment, is not void. These cases generally hold that such judgments cannot be attacked collaterally; that they are erroneous and voidable, and that they are open to an attack in the proper manner, by motion or by writ of error *coram nobis?*''

Shea v. Shea, supra, and the quotation from L. R. A. just quoted were approved in State ex rel. v. Riley, 219 Mo. 667, 118 S. W. 649 l. c. 652 (2). In the Riley case many cases from other states and text-books were quoted from and reviewed and the court concluded as follows:.

''From all we conclude the right rule to be, that if the party dies during the pendency of a suit wherein the court by legal process has acquired jurisdiction over both the person and the subject-matter, but before judgment, and a judgment is rendered against such party so dying, without there being anything of record showing such death, then such judgment is voidable only and not void.''

[See, also, 33 C. J. 1107, sec. 62 and cases cited; 1 Black on Judgment (2 Ed.) sec. 200.] By virtue of Section 12972, supra, the same principle of law applies to a convict while serving a term of imprisonment for life. [Kurfman v. Chicago R. I. & P. Ry. Co., 15 S. W. (2d) 868; Lyon v. Lyon, 12 S. W. (2d) 768.]

█ Section 1331, Revised Statutes 1929, provides that in all cases of a general judgment against a defendant the execution shall be a common *fieri facias*. All the property of a defendant subject to execution may be levied upon, whether attached in the case or not. In this case a special execution was issued against the property attached, and the execution further provided that in case the attached property be not sufficient to satisfy the execution then any other goods, chattels, etc., be levied upon to satisfy the execution. In Kritzer v. Smith, 21 Mo. 296, the court held that it was error to issue a special execution under a general judgment, for the reason that the defendant had the right to surrender any property not attached to satisfy the judgment and to reserve the attached property if he so desired. This irregularity in the execution in this case, requiring the attached property to be sold first and then other property of Snow, does not render the execution void but merely voidable. This defect should have been taken advantage of by a motion to correct or quash the execution. Appellant, who was the owner of the property at the time, had a right to question the execution. In that proceeding she could have asked the court to have all of defendant's property sold prior

to the sale of the property to which she held title. The title of a purchaser is not affected by irregularities in the proceedings leading to a sale on execution unless such irregularities render the execution void. [10 R. C. L. 1333, sec. 127.] The facts in this case call for the full application of the rule announced in 10 Ruling Case Law, page 1336 as follows:

"When irregularities are of such a character as to make the sale on execution voidable rather than void, a bona fide purchaser acquires under the sale a title which cannot be assailed by reason of such irregularities."

In this case the convict, Snow, had no interest in the land. Defendant, appellant here, had bought Snow's interest. Appellant was not under any disability and had full opportunity to protect her rights. She stood idly by and permitted the sale of the property under the execution. Appellant should not be heard at this late day to complain of any irregularities that did not render the proceedings void.

The cause, however, must be reversed and remanded to the trial court for the following reason: The petition described the land sought to be partitioned as the east half of the southeast quarter of section 32, township 58, range 28, located in Daviess County, Missouri. A witness for plaintiff described the land, owned by plaintiff and defendants, sought to be partitioned, as the east half of the southeast quarter of section 22, township 58, range 28. In all of the proceedings in the attachment suit, including the deed under the execution sale, the property is described as the east half of the southeast quarter of section 29, township 58, range 29. The deed under which appellant claims title, and the decree of the circuit court appealed from in this case, adjudging the plaintiff to be the owner of the 1/11 interest and divesting the defendant, Nettie N. Repine of such interest, carry the same description.

It is evident that the land sought to be partitioned as described in the petition is not the same land as that described in the decree. It is also evident that the land described by plaintiff's witness is not the same as that described in the petition nor the same as that described in the decree. The petition must describe the land sought to be partitioned. [47 C. J. 405 (331).] We cannot determine by the record at what stage of the proceedings the mistakes, if any, were made. They may be mere typographical errors.

The cause is, therefore, reversed and remanded to the circuit court in order that plaintiff may take such steps as are necessary to adjust the description of the property. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All of the judges concur.