**Guy A. PHILLIPS and Jacqueline J. Phillips, Plaintiffs–Respondents,**

v.

**Kevin Eugene HASTY, Defendant,**

**and**

**Kenneth E. Hasty and Norma D. Hasty, Intervenors–Appellants.**

No. 55131.

Missouri Court of Appeals, Eastern District.

June 13, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1989.

Application to Transfer Denied Sept. 12, 1989.

Stanley J. Goodkin, Barbara M. Sacks, St. Louis, for intervenors-appellants.

Thomas A. Connelly, St. Louis, for plaintiffs-respondents.

STEPHAN, Judge.

This is an action for an attachment on real estate which arose out of business dealings between respondents, Guy A. and Jacqueline J. Phillips, and Kevin Hasty, defendant in the underlying action. Hasty sold the property to his parents who thereafter intervened in the action and are appellants herein. The trial court determined that it had jurisdiction over the property and subsequently imposed an attachment lien. We affirm.

On April 10, 1985 respondents filed a verified petition for writ of attachment alleging that Hasty made false assurances, representations and promises to respondents to induce them to invest $30,000 with Mileote & Associates, a sham company controlled by defendant. The petition requested that the court issue two writs of attachment: one on Hasty's real property and the other on a bank account he maintained with the Missouri Savings Association. The petition was filed in accordance with § 521.010(14), RSMo 1978:

> In any court having competent jurisdiction, the plaintiff in any civil action may have an attachment against the property of the defendant ... in any one or more of the following cases:

> • • • • •

> (14) where the debt sued for was fraudulently contracted on the part of the debtor.

The trial court determined that the facts alleged in the petition were in accordance with Rule 85.04, that respondents had presented an attachment bond in the amount of $60,000 and that it was properly executed in accordance with Rule 85.08. The court, therefore, ordered that two writs of attachment issue immediately. The sheriff was ordered to execute the writ by attaching Hasty's real property which had the following description:

> Lot 304 of Riverwood Trails Plat 3, as per plat thereof recorded in Plat Book 207 Pages 29 and 30 of the St. Louis County Records, also known and numbered as: 1034 Pine Cone Trail Drive. Subject to building lines, easements, conditions, restrictions of record.

On April 11, 1985 the sheriff of St. Louis County attached, levied upon and seized all right, title and interest in the property by filing an abstract of the attachment with the St. Louis County Recorder of Deeds. The writ and Attachment I (a description of the real property) were both affixed to the abstract filed with the Recorder of Deeds.

The sheriff filed the return of service on the writ *non est* because he could not obtain personal service on Hasty. On May 14, 1985 Hasty was served, through his attorney, with an alias summons and the writ by a special process server. The return of the special process server was not, however, verified under oath.

On April 22, 1985 appellants purchased the property. The sale was consummated one day prior to Community Federal Savings & Loan Association's foreclosure sale, and eleven days after the sheriff filed the abstract with the Recorder of Deeds.

Hasty filed an affidavit with the court on May 15, 1985, stating that he had received the writ of attachment, verified petition for writ of attachment, alias summons, notice and Attachment I. On June 27, 1985 he requested additional time to answer. Hasty entered his general appearance, by and through his attorney, Donald Janousek, on July 8, 1985, by filing an answer to the verified petition. He did not raise any jurisdictional defenses such as lack of in personam jurisdiction, insufficiency of process or insufficiency of service of process.[1] On July 9, 1985 Hasty filed a motion to dissolve the attachment. The motion also failed to raise jurisdictional issues. Moreover, it was never argued and ruled on.

Appellants filed a motion for leave to intervene on May 26, 1986, which was granted on July 21, 1986. In the meantime, appellants filed a suit to dissolve the attachment and quiet title. A hearing was held September 2, 1986 before the Hon. Harry J. Stussie to determine if the attachment should be dissolved.

Judge Stussie entered his Findings of Fact and Order, Judgment and Decree on October 16, 1986. He found that the sheriff's return on the writ was not in compliance with § 521.170(3), RSMo, in that it failed to describe the real property, and that because the writ was never extended it had expired. He decreed that the court lacked jurisdiction over the res and the writ of attachment was void and of no effect.

Respondents filed a motion for new trial and/or motion to amend the October 16, 1986 order along with a motion for leave to file an amended sheriff's return and a memorandum in support thereof. On De-cember 3, 1986 the court granted respondents' motion to amend the order, finding that it had acquired jurisdiction on April 11, 1985 and that Hasty, by filing a general answer, had waived any objections he may have had to insufficiency of process, service of process or jurisdiction. The court ruled that any right, title or interest appellants claimed in the property was subordinate and inferior to the attachment lien.

Respondents received $7,780 in restitution from the prosecutor's office on December 31, 1986. On October 21, 1987 respondents, along with several other parties who had previously instituted suit against Hasty, entered into a Consent Memorandum for Judgment wherein Hasty agreed to pay respondents $7,269.11. Respondents retained in full force and effect their pending attachment action.

The matter of respondents' verified petition came to trial on June 20, 1988 before the Hon. Richard F. Provaznik. At that time respondents settled with Hasty who signed a consent judgment. The court decreed that an attachment lien had been in effect since April 11, 1985 and entered judgment in favor of respondents in the amount of $12,236.58, consisting of $7,167.89 principal, $5,068.69 interest and $1.00 punitive damages. Costs were taxed against Hasty, including the cost of bond premiums totalling $2,460. This appeal was thereafter timely filed.

Appellants raise two substantive points on appeal.[2] In their first point they claim that Judge Stussie erred in amending his order of October 16, 1986 and entering a new order on December 3, 1986 because: 1) the general appearance by a defendant in an attachment action does not cure any statutory or procedural defects in the execution of the writ of attachment; 2) purely in rem proceedings in writ of attachment actions were basically abolished in 1979 by the repeal of various statutory provisions

---

1. Hasty amended his answer by interlineation on September 30, 1986 to include jurisdictional defenses. He was not granted leave to file this amendment.

2. Appellants' brief indicates there are three points, but point I is merely a statement regard-ing our standard of review and the nature of the proceedings, among other things. It does not allege any trial court error. We, therefore, consider it as an introductory statement and not a point on appeal.

of § 521.010 et seq., RSMo; and 3) the effect of the judge's ruling stating that the general entry of appearance by a defendant bars defenses by intervenors having an interest in the real property attached constitutes a denial of due process and equal protection to the intervenors.

Relying principally on *Sniadach v. Family Finance Corporation of Bay View*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) and *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), appellants assert that absent a preseizure hearing, an attachment will be void ab initio. *State ex rel. Williams v. Berrey*, 492 S.W.2d 731, 735 (Mo.1973). They further argue that *Mitchell v. W.T. Grant Company*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974) only exempted preseizure hearings for mortgage and chattel lienholder creditors. We disagree.

■ *Berrey* is no longer controlling in requiring that there be a preseizure judicial hearing upon notice to the defendant. *State ex rel. Tallen v. Marsh*, 633 S.W.2d 458, 461 (Mo.App.1982). *Mitchell* sets out the due process balancing test. Under this test, if the potential for harm to the defendant is slight and the statute advances a legitimate state interest in providing ex parte preliminary relief, then a "constitutional accomodation of the conflicting interests" will have been reached. *Mitchell*, 416 U.S. at 607, 94 S.Ct. at 1900. The test is met if seizure is preceded by a factual showing of probable cause to a judicial officer, the furnishing of adequate security, and a provision for an adversarial proceeding promptly after seizure occurs. *Sedalia Mercantile Bank & Trust Company v. Loges Farms, Inc.*, 740 S.W.2d 188, 199 (Mo.App.1987).

Under Rule 85[3] the claimant must file an affidavit which states facts showing the existence of one or more of the grounds for attachment set forth in § 521.010, RSMo. The court decides if the writ should issue.

The sheriff executes the writ and provides the owner with notice of the proceedings. The claimant must post a bond, not exceeding double the amount claimed, to secure the writ. The owner may retain or regain possession by posting his own bond. The owner may also file a written request for a hearing to determine whether the attachment should be dissolved.

In this case, respondents filed a petition in accordance with § 521.010(14), RSMo. They alleged that Hasty made false assurances, representations and promises to induce them to invest $30,000 with Mileote & Associates, a sham investment company. The trial court found that the facts alleged by respondents were sufficient to issue a writ of attachment, that respondents had presented a good and sufficient attachment bond in the amount of $60,000; and, that the attachment bond was properly executed. The court, therefore, ordered the writ of attachment to issue.

On April 11, 1985 the sheriff filed the abstract of attachment with the St. Louis County Recorder of Deeds, attaching a description of the property instead of writing it on the abstract. Hasty was served on May 14, 1985. He subsequently answered but failed to raise jurisdictional defenses, such as, lack of jurisdiction over his person, insufficiency of process or insufficiency of service of process.

■ Under the *Mitchell* balancing test we find no deprivation of due process. If attaching the description was irregular, it was not erroneous. *See, Shea v. Shea*, 154 Mo. 599, 55 S.W. 869, 871 (1900). Moreover, jurisdictional irregularities had to be pleaded as an affirmative defense in order to be preserved. Rule 55.27(g). By failing to raise jurisdictional defenses in his answer, Hasty waived them and voluntarily submitted to the jurisdiction of the court. *Kloos v. Corcoran*, 643 S.W.2d 94, 96 (Mo. App.1982); Rule 55.27(f).

---

**3.** Rule 85.03—Affidavit to Obtain Writ of Attachment
Rule 85.04—Issuance of Writ of Attachment
Rule 85.06—How Directed and Executed
Rule 85.07—Service of Writ and Notice

Rule 85.08—Claimant to Furnish Bond
Rule 85.09—Owner of Property May Post Bond
Rule 85.13—Hearing on Propriety of Attachment

■ Next, appellants contend that purely in rem attachment actions were abolished in Missouri in 1979 because the legislature repealed §§ 521.680 (public notice when defendant cannot be personally served); 521.690 (certification to show either summons by mail or public notice); 521.700 (defendant does not appear—default judgment); and 521.710 (judgment binding only on the property and effects attached). Initially, we find this point to be wholly without merit because Hasty was personally served, *supra*.

Moreover, under Rule 85.07, service on a defendant in an attachment proceeding is made as provided in Rule 54. Service for in rem or quasi in rem civil actions is dictated by Rule 54.12, which states:

In civil actions affecting a fund, will, trust estate, specific property, or any interest therein, or any res or status within the jurisdiction of the court, service of process may be made as provided in Rule 54.13, Rule 54.14, Rule 54.16 or Rule 54.17.

These rules allow for personal service, service by mail, service by publication and proof of service. Rule 41.02 states, "Rules 41 to 101, inclusive, are promulgated pursuant to authority granted this Court by Section 5 of Article V of the Constitution of Missouri and supersede all statutes and existing court rules inconsistent therewith." We, therefore, decline to hold that in rem and quasi in rem proceedings have been abolished.

Lastly, appellants complain that the judge's ruling stating that Hasty's general appearance in the civil action bans them from subsequently raising jurisdictional defenses constitutes a denial of due process. The only authority appellants cite us to are *Sniadach* and *Fuentes, supra*.

Appellants did not move to intervene in this action until May 21, 1986. On May 27, 1986 they filed a pleading in this action which sought to dissolve the attachment lien and quiet title. In the pleading, they alleged that they were the fee simple owners of the property, that, because they were the owners, the verified petition failed to state a cause of action against them and that the attachment was null and void because Hasty was not the fee simple owner of the property.

■ We do not reach the question of whether appellants could raise the jurisdictional defenses even though Hasty waived them, because we find that appellants also waived them by failing to include them in both the motion to intervene and the petition to dissolve the attachment lien and quiet title. *Rucker v. Thrower*, 559 S.W.2d 40, 41 (Mo.App.1977). Point I is, therefore, denied in its entirety.

In their second point appellants assert that the Hon. Richard Provaznik erred in entering his order decreeing a judgment lien on appellants' property because the writ of attachment was void and not waived by Hasty's general appearance. They also claim that the court erred in including pre and post-judgment interest and cost of the bond premium because these amounts were not included in the original petition.

Having already determined, *supra*, that the writ of attachment was effective, we decline to elaborate any further on that point.

Appellants argue that respondents' award exceeded the amount prayed for in their verified petition. Respondents were awarded $7,780 on December 31, 1986 as restitution from the prosecuting attorney's office, $7,269.11 on October 21, 1987 from a Consent Judgment and $14,696.58 on June 20, 1988 from a Consent Judgment. This last amount included $7,167.89 in principal, $5,068.69 in interest and $2,460 in cost of bond premiums. The total amount received was $29,745.69. Respondents' verified petition prayed for $30,000 in actual damages, plus interest. The amount awarded did not exceed the amount prayed for.

■ Appellants also argue that it was error for the court to include the cost of bond premiums paid by respondents in the judgment. The bond was a necessary element of respondents' attachment proceeding, Rule 85.08, and the premiums were therefore recoverable as part of respon-

dents' costs. Rule 77.01. Point II is denied.

The judgment of the trial court is affirmed.

SMITH, P.J., and SATZ, J., concur.