Baber v. Henderson.

---

## BABER v. HENDERSON, Appellant.

### Division One, June 12, 1900.

1. **Ejectment:** INTEREST RECOVERABLE: AFTER-ACQUIRED INTEREST. Plaintiff in ejectment can obtain judgment only for such undivided fractional interest in the land he owned at the time of ouster laid. Judgment for such interest as he acquired after suit brought and before trial is error. And although a judgment for the fractional interest owned by him when the suit was brought may show that defendant has no interest at all, yet plaintiff can not have defendant ousted of the entire tract, but holds as a co-tenant with him until suit and judgment by the owners of the other aliquot parts.

2. ————: CO-TENANT'S JUDGMENT. It is not the law in this State that one tenant in common, entitled under his deed to only a part interest in the premises, can recover the whole thereof in a suit against a stranger to the title, and when put in possession under his judgment can hold for the other co-tenants as well as himself.

Baber v. Henderson.

3. ———: TITLE BY LIMITATION: NAKED POSSESSION: OWNERSHIP. Possession for ten years or any other length of time is no bar to a recovery by the true owner if the one who entered into possession of the land had no claim of title at the time and asserted none adverse to the true owner, and during the time he held it in possession did not have or assert a claim of title to the land, and did not claim to own it. Naked possession never ripens into title by limitation. To be effective, adverse possession must be hostile to the title of the true owner and under claim of ownership.

Appeal from St. Louis County Circuit Court. — *Hon. Rudolph Hirzel*, Judge.

REVERSED AND REMANDED.

*R. H. Stevens* for appellant.

The deed from James W. Robertson and wife to William D. Baber, was not admissible in evidence in this case, for the reason that said deed was made, executed and delivered after the filing of this suit, and the plaintiff must recover, if at all, upon the title he had at the commencement of the suit. Collins v. Brannin, 1 Mo. 540; Buxton v. Carter, 11 Mo. 481; Norfleet v. Russell, 64 Mo. 176; Ford v. French, 72 Mo. 250; Dunlap v. Henry, 76 Mo. 106; McGrath v. Railroad, 30 S. W. Rep. 329; Pettis Co. v. Gibson, 73 Mo. 502.

*F. A. Heidorn* and *John R. Warfield* for appellant.

Plaintiff has clearly established his title to a three twenty-eighths interest in the whole of the premises in question. This interest was established by the deed of Samuel and Virginia James to plaintiff, which deed conveys the interest of the grantors not only in lot "D" but also in and to all the remaining portion of the premises. This, in the absence of any title whatever shown in the defendant,

clearly entitles the plaintiff to recover, as against this defendant, for the full extent of the interest shown to have been acquired by him, and, by virtue of his prior possession, based upon said title, to the exclusive possession as against the defendant. Freeman on Cotenancy, sec. 343; State ex rel. v. Staed, 143 Mo. 248; s. c., 64 Mo. App. 453; Smith v. Lindsey, 89 Mo. 76; Union Bank v. Manard, 51 Mo. 548; Long v. Stapp, 49 Mo. 506; Cummings v. Powell, 97 Mo. 524; Macklot v. Dubreuil, 9 Mo. 477; Mulherin v. Simpson, 124 Mo. 610; Norfleet v. Russell, 64 Mo. 176; Wilson v. Albert, 89 Mo. 537. The plaintiff having established his right to recover as against the defendant by virtue of the James deed, it is immaterial to consider the objections of appellant to the introduction of the deeds of James W. Robertson and wife, and of Marie Robertson et al. to the plaintiff, for the reason that these latter deeds are not necessary to the establishment of plaintiff's title to the premises, but go to the extent of defining the *quantum* of his interests therein, and which can in no wise affect the defendant, he having shown no title in himself. State ex rel. v. Staed, *supra*.

ROBINSON, J.—This is a suit by ejectment for two irregular parcels of land adjoining the town of Bridgeton, in St. Louis county, spoken of and designated throughout the trial as lots "D," "E" and "F." Defendant's answer was a general denial, after admitting that plaintiff was entitled to a three twenty-eighths interest in that part of the land designated as lot "D." At the trial defendant's claim was title by adverse possession of the property for the statutory period of limitation. The court found the issue in favor of defendant as to lot "E" but found that plaintiff was entitled to 58-315 interest in lots "D" and "F," and rendered judgment for plaintiff for that interest, accordingly. From that judgment defendant after the usual preliminaries for an

appeal, has brought the case here for review, assigning as error the action of the trial court, in permitting plaintiff to read in evidence a deed conveying to himself an undivided interest to part of the property in controversy made after the plaintiff had instituted his suit herein, and for the action of the court in rendering its judgment based thereon declaring plaintiff's interest in the property augmented to the extent of the interest conveyed by said deed; and further because the court erred in finding from the evidence that defendant and those under whom he claimed, had not shown a title by limitation to that part of the property known as lot "D," except as to the 3-28 interest owned by plaintiff.

The plaintiff now contends, however, that as he established his right to recover a 3-28 interest in lots "D" and "F" by what is known as the James deed, it is immaterial to consider the objection of appellant to the introduction of the deeds of James W. Robertson et al. to the plaintiff, made after the institution of this suit; that as the James deed established plaintiff's title to the property, the after-acquired deed of Robertson et al. only went to the extent of enlarging the *quantum* of that interest, which can in no wise prejudice the defendant, he having shown no title to the property in himself.

Plaintiff's contention would be true, if under our practice one tenant in common, though entitled under his deed to only a part interest in the premises, yet would be entitled to recover the whole thereof in a suit against a stranger, and when put into possession under his judgment, to hold for the other co-tenants as well as himself. In many jurisdictions this rule prevails, but such is not the case in this State. It is undoubtedly true that no harm was occasioned to defendant by the action of the plaintiff reading in evidence the deeds acquired after the institution of this suit; or in the action of the court in adjudging upon the interest

therein conveyed if the rule of practice in this State was as plaintiff contends. If plaintiff with an unquestioned fractional interest was entitled to recover the entire property, then of course the matter of determining that particular interest greater or less could not concern the defendant, who is to be ousted from the whole, and errors by the court upon that point would not be hurtful to him. As said above, such is not the rule of practice in this State, however general it may be throughout the different States of the Union. Hence each tenant in common in this State who is ousted of possession by a stranger, must sue for and recover his aliquot part or share of the estate, which part or moiety, so recovered, he holds in common with his disseisor, until his remaining co-tenants, institute like proceedings as himself to oust the stranger from the possession of his or their undivided interest in the premises. [Gray v. Givens, 26 Mo. 291; Biddle v. Mellon, 13 Mo. 335.]

This being true, and plaintiff being at the institution of this suit only entitled to the aliquot part or share of the entire estate represented by the James deed, it was error in the court, permitting the deed of James W. Robertson et al., made to plaintiff after the institution of his suit herein, to be read in evidence, and when read, to have rendered its judgment declaring plaintiff's interest in the property increased to the extent of the after-acquired interest evidenced by said deed. The plaintiff was entitled to recover an undivided interest equal only to that represented by the James deed, or such other deeds as he had or held before the institution of his suit herein. In ejectment, whether the claim is for an undivided or the whole interest in the premises, the plaintiff must always show title in himself before the ouster laid in his declaration. For disregarding the provisions of this rule, the judgment of the trial court in favor of plaintiff will be reversed and the cause remanded for a new trial.

Appellant's second assignment, that the trial court committed error in rejecting his claim of title by limitation to that part of the property in controversy known as lot "D", is wholly without merit. The court might properly have found, and in all probability did find, from the evidence that the defendant and his grantor Yates had not in fact been in the actual possession of said lot for ten years next before the institution of this suit. The proof upon that issue was not at all satisfactory, or as convincing as it should be, where the record paper title to property is sought to be set aside by this artificial substitute. But had the trial court found otherwise, and believed that defendant and his grantor together had been in the actual occupancy of the lot for more than ten years, still under the manner of their holding, no length of time would have ripened their possession into a title by limitation.

Thomas B. Yates, under whom defendant now claims the property (and to whose possession defendant's must be linked to make out his claim of title by limitation), testified that he first took possession of lot "D" some time during the month of April, 1886, at the suggestion of the defendant herein, and that he held and cultivated it as a garden from that time until some time during the year 1891, when he left the town of Bridgeton and made a deed to the defendant. The following excerpt from his testimony, under an examination by the defendant in person, will show the why and the manner of his entry and possession of the premises better than it can otherwise be told:

"Q. How did you come to plow that up; did you have any conversation with me about that?

"A. I did. I commenced my lot, the lot that Dr. Heidorn now owns, and I worked my way. You asked me why I did not plow that piece of ground (referring to lot "D") and I told you that I did not want to get in trouble

and you told me to go and plow it up. You would stand good for damages.

"Q. And you took possession on my guaranteeing you against trouble? A. Yes, sir.

"Q. Then did you have any further talk about it? A. Yes, sir. You told me that if I held the ground for ten years it would be mine.

"Q. And if you did not hold it ten years to let me have it? A. Yes, sir.

"Q. You held it, then you gave me a deed for it? A. I gave you my right to it.

"Q. You had that in possession under my consent all the time? A. Yes, sir."

The witness afterwards in testifying used this language: "Judge Henderson told me to plow that piece of ground and afterwards told me if you hold that piece of property ten years you can hold it. Then he asked me if I did not hold it would I turn it over to him, and I told him I would."

On examination by plaintiff's counsel the witness testified as follows:

"Q. Did you claim it (the lot) as your own? A. I worked it for four years.

"Q. Did you claim it as your property? A. I took it up and when I left there I told defendant I would give him my right to it.

"Q. You did not claim it as your own? A. No, sir.

"Q. Never intended to? A. If I lived there long enough I might.

"Q. For two or three years after you cultivated it you had no intention of claiming it as your own. You farmed it as a piece of idle property? A. Yes, sir."

The defendant then testified that he went into possession of the lot under his deed from the witness Yates in

Baber v. Henderson.

1891, claiming it as his own, and that he had held the continuous possession of it up to 1894, when this suit was instituted. No suggestion is made in defendant's testimony (as in his answer filed) of plaintiff's right to a 3-28 interest in the lot.

Ignoring that matter, however, defendant has shown himself totally wanting in a title by limitation to lot "D" or any part thereof.

When Yates went into possession of the lot in 1886, and began to cultivate it as a garden, he had no claim of title to the lot, nor did he claim it adversely to the true owner, whoever he should be. Not only did he not have or assert a claim of title to the lot during the time he had it in possession, but he expressly declared that he did not claim to own it, and that he only entered upon the lot to cultivate it, under the assurance that defendant (another stranger, as himself) would guarantee him against trouble. No length of time under such circumstances, would have ripened Yates' first possession into a title by limitation. As he claims under no title, time had nothing upon which to act, that it might develop the imperfect beginning into a perfect and completed title at the termination of the statutory period of limitation.

Mere naked possession, no matter how long asserted without a claim of right, never ripens into a perfect title, or rather a title by limitation. To be effective, adverse possession must be hostile to the title of the true owner, and under a claim of right. Measured by this standard defendant's possession of lot "D" under his deed from the witness Yates, falls far short of establishing in himself a title by limitation. The trial court upon that issue decided correctly in denying defendant's claim. For reasons above indicated, however, the judgment of the trial court is reversed and the cause remanded for a new trial.

All concur.