PIONEER COOPERAGE COMPANY, a Corporation, Appellant, v. OTHO DILLARD and ROSA DILLARD.—59 S. W. (2d) 642.

Division One, April 20, 1933.

*S. A. Cunningham* for appellant.

*Searcy & Dorris* for respondents.

FRANK, P. J.—Action in ejectment to recover possession of two small tracts of land in Shannon County, one consisting of 8.52 acres, the other 6.18 acres. Defendants by answer denied plaintiff's alleged

right to possession of the land, asserted title in themselves by adverse possession for more than ten consecutive years, and prayed the court to so decree. The judgment below found the issues against plaintiff, vested title to the lands in defendants as prayed in the answer, and plaintiff appealed.

While plaintiff has the record title to the lands in question, the undisputed evidence in the record shows that defendants and those under whom they claim have been in the open, notorious, exclusive, peaceable and continuous possession of the lands for fifty years or more. As plaintiff does not contend otherwise, no useful purpose would be served by setting out the evidence which shows such to be the facts.

Plaintiff's contention is that although defendants and those under whom they claim have been in possession of the land in the manner above stated for more than ten consecutive years, such possession was and is not *adverse* and for that reason did not and could not ripen into title.

█ The record shows that the two small tracts of land in question are enclosed by a fence with other lands which defendant acquired by deed from the heirs of defendant, Otho Dillard's father, and that all of said lands have been so enclosed, used, occupied and improved by defendants and their predecessors in title for fifty years or more. Plaintiff does not dispute these facts, but contends that such occupancy, possession and use were and are not *adverse* because defendants have been and are holding said tracts of land believing they were a part of the land deeded to them by defendant, Otho Dillard's father, and are only claiming title to the land conveyed to them by such deed. Of course, if defendants were only claiming title to the land conveyed to them by deed, and were only claiming to the true line of the deeded land, whenever and wherever it might be located, possession of land beyond the true line would not be adverse. [Vogt v. Bergmann, 189 S. W. 1166, 1167.] But such is not the situation in this case.

█ Defendant, Otho Dillard, testified that he thought his land included all the land that was under fence, and that he was claiming up to where he thought the true line was. He further testified:

"Q. You didn't intend to claim anybody else's land outside your deeded land wherever that was? A. I intended to claim what was under fence because this had been 50 or 60 years then in a farm."

He further testified that he always believed and claimed that the land he acquired by deed from the heirs of his father covered all the land within his enclosure. Plaintiff construes this testimony to mean that defendants are claiming the deeded land only, and claiming only to the true line of the deeded land. Plaintiff's construction of this evidence is wrong. If defendants have been claiming the land up to the fence because they believed their deeded land extended

up to the fence, that is a claim that the fence is the true line of the deeded land. A similar state of facts was considered in Cole v. Parker, 70 Mo. 372, 380, where this court said:

"But although a party may be in doubt where the line runs between his and another's land, still, if he inclose to a certain line, claiming it to be the true one, and that the land to that line is his, his possession is adverse. . . . He says he intended to claim only to the government line, but claimed to the middle of the road as the government line. He set up no claim to land north of the north line of the southwest quarter, but did claim that the middle of the road was that line and that the land to that line was his. It may have been a mistake it is true, but honest men always inclose land not their own by mistake or with the consent of the owner, and if the law on this subject were not as this court has held, the Statute of Limitations in such cases would never run in favor of an honest man, because he would never avow his purpose to have been to take the land of another."

In the recent case of Courtner v. Putnam, 325 Mo. 924, 30 S. W. (2d) 126, 130, the law is stated thus:

"Where one of two adjoining land proprietors takes and holds possession up to a fence which he supposes is on the true line, *claiming to the fence,* his possession is adverse as to all lands within his enclosure. In such case it makes no difference that he was mistaken as to the location of the true line; nor does it make any difference that he did not intend to invade his neighbor's rights. That fact that he *claimed to the fence,* not simply to the true line when ascertained, is sufficient, and will constitute a disseizin."

See, also, Mangold v. Phillips et al., 186 S. W. 988, 989; Rhodes v. Wilson, 239 S. W. 113, 115; Sands v. Clark, 250 S. W. 58; Ross v. Williams, 274 S. W. 397, 398, 399.

■ It was not shown that defendants ever paid any taxes on said lands. However, defendant, Otho Dillard, testified that when he paid his taxes he always thought and believed that he was paying taxes on all the land within his enclosure. In this situation, the question of taxes cuts no figure in the case.

■ Applying the rulings in the cases heretofore cited, to the facts in this case, the title to the land in dispute should be vested in defendants because of their adverse possession of land for more than ten consecutive years, and the decree so holding would be affirmed but for the fact that the land described in the decree is not the same land as that described in the petition. The court has no authority to decree title to land other than that described in the pleadings. [Wamsley v. Snow et al., 331 Mo. 261, 53 S. W. (2d) 258, 260.]

■ Defendants' answer adopts the description of the land as set out in the petition, and it appears from the record and from plaintiff's brief that the parties admitted that description to be correct.

From these considerations it appears that the mistake in the description of the land occurs in the decree and not in the petition. In this situation a retrial of the case is not necessary because both the petition and the evidence refer to the actual land in dispute.

The judgment is, therefore, reversed and cause remanded with directions to the trial court to modify its judgment so as to make the description of the land in the decree conform to the description contained in the petition, and to re-enter the judgment as modified. All concur.