E. M. Tidwell v. Lucy Waldrup, Appellant.—151 S. W. (2d) 1092.

Division Two, June 10, 1941.

*Homer F. Williams* and *Spradling & Strom* for appellant.

*C. P. Damron* for respondent.

BOHLING, C.—E. M. Tidwell, on August 7, 1937, instituted an ejectment proceeding against Lucy Waldrup to recover possession of

5½ acres of land in Bollinger County, Missouri. Mrs. Waldrup answered alleging lawful possession and, alleging title by adverse possession (see Secs. 1002, 1004, R. S. 1939, Mo. Stat. Ann., pp. 1121, 1126, secs. 850, 852), set up a cross-action in equity to quiet and determine the title to said real estate. She appealed from a judgment for plaintiff.

Benjamin L. Hitt is the common source of title. He died in 1919, leaving a widow, two daughters and a son surviving. A portion of his real estate was partitioned in kind in 1920. This controversy involves a part of the lands partitioned to Mr. Hitt's two daughters— Edna and Ruth. At the time of Mr. Hitt's death Edna was Mrs. Weisenborn and Ruth was a minor of eight. The brother, older than Ruth, was also a minor. The court appointed three commissioners, one a surveyor, to partition the real estate. They, according to their report and a plat filed therewith, set off to Ruth Hitt 60 acres of land, the west 20 acre tract of which lay immediately east of and joined the land set off to Edna Weisenborn. After deciding how the land was to be partitioned, the commissioners, acting through the surveyor, undertook to stake out the several parcels. In so doing they placed the north and south stakes along the west side of Ruth Hitt's 20 acre tract in such manner as to take from the west side thereof and add on to Edna Weisenborn's lands the 5½ acres in controversy. A fence, conforming to the stakes, was erected in 1920, and ever since the owners of the respective tracts have held possession of and cultivated the lands on their respective sides of said fence. Mrs. Weisenborn testified that her husband soon discovered she had more land than was allotted to her; that it was discussed with her sister; that she intended to adjust the matter when her sister became of age and that she did not and had no intention of claiming more land than was partitioned to her. Mr. and Mrs. Weisenborn, in August, 1925, executed and delivered a deed of trust on the land partitioned to Mrs. Weisenborn to L. H. Null, as trustee, to secure an indebtedness due defendant. In 1928 Ruth Hitt married William Jones. Mr. Jones cultivated the land and discovered that his wife's land was short in acreage. Mrs. Jones testified that the matter was discussed with Mrs. Weisenborn; that Mrs. Weisenborn said she and her husband had discussed it and that they would straighten it out. The Weisenborn deed of trust was foreclosed and under a trustee's deed, dated November 9, 1929, defendant became the record owner of the land originally partitioned to Edna Hitt Weisenborn. About 1936 Mrs. Jones and her husband conveyed Mrs. Jones' 60 acre tract to plaintiff. He soon discovered a shortage in the 20 acres; conferred with Mrs. Waldrup; had the real estate surveyed, and thereafter instituted this action.

Ruth Hitt Jones and, after her conveyance in 1936, plaintiff have held the legal paper title to the 5½ acres involved and the right

to possess the same unless precluded by the prior possession of Mrs. Weisenborn and defendant. Defendant first came into possession under the foreclosure proceedings in 1929, and, since plaintiff instituted this action in 1937, it is essential to defendant's title by adverse possession that she tack on to her possession the prior possession of Mrs. Weisenborn. Defendant concedes she has no record title to the 5½ acres. Mrs. Weisenborn, under the instant record, never claimed title beyond the true line of the lands originally partitioned to her. By her deed of trust, executed in 1925, not including the 5½ acres, Mrs. Weisenborn impliedly disclaimed ownership of said 5½ acres. When informed that she had possession of more land than was rightfully hers, she, before her possession could have culminated into title by adverse possession, affirmatively to her sister and impliedly to defendant disclosed her intention to claim only to the true line wherever and whenever it was established and consequently disclaimed title to lands not within the true boundaries of her lands. When a possessor disclaims title there is naught for the flux of time to operate upon to effect title by adverse possession. [Baber v. Henderson, 156 Mo. 566, 573, 57 S. W. 719, 720, 79 Am. St. Rep. 540; Kansas City v. Scarritt, 169 Mo. 471, 484, 69 S. W. 283, 285.] Since the law does not presume a wrong, possession *per se* merely evidences occupation by right, and consequently title by prescription or limitation has its foundation in the quality and extent of the interest claimed by the possessor—possession with the claim of ownership for the statutory period. In the circumstances the trial court must have considered, and the record does not warrant our ruling contra, that Mrs. Weisenborn's possession was permissive, a possession by sufferance, did not rise to such dignity as to furnish grounds for a disseisin against her sister, and, in and of itself the foreclosure of her deed of trust transmitted no superior rights. [Courtner v. Putnam, 325 Mo. 924, 936, 937, 30 S. W. (2d) 126, 131[6, 10]; Swope v. Ward, 185 Mo. 316, 324, 84 S. W. 895, 896; Patton v. Smith, 171 Mo. 231, 240, 71 S. W. 187, 189; Bell v. Barrett (Mo.), 76 S. W. (2d) 394, 396[3]; Baker v. Thompson, 214 Mo. 500, 509(II), 114 S. W. 497, 499(2); Quisenberry v. Stewart (Mo.), 219 S. W. 625, 627[5]; Missouri Lumber & Mining Co. v. Chronister (Mo.), 259 S. W. 1042, 1044[2].] So far as Mrs. Weisenborn's possession influences the result, defendant succeeded only to its permissive character. [Eaton v. Cates (Mo.), 175 S. W. 950, 954[6].] Pioneer Cooperage Co. v. Dillard, 332 Mo. 798, 800[1], 59 S. W. (2d) 642, 643[1], stressed by defendant, is distinguishable in that the possessor held all the land within the enclosure claiming the fence to be the true line and the land his.

The north and south fence, erected in 1920 upon what was thought to be the true line, was not erected with the understanding that, in the event it was not the true line, it should constitute the

1032

boundary between the respective lands. The facts do not establish an agreed boundary line. [Bell v. Barrett (Mo.), 76 S. W. (2d) 394, 397[3], and cases cited; Quisenberry v. Stewart (Mo.), 219 S. W. 625, 626[4]; Patton v. Smith, 171 Mo. 231, 242(II), 71 S. W. 187, 190(2).]

■ Defendant testified that before she accepted the Weisenborn deed of trust in 1925 she viewed the real estate and the 5½ acres were within the Weisenborn enclosures. She gave no testimony concerning any statements made by Mrs. Weisenborn or Mrs. Jones or any person authorized to speak for them with respect to the 5½ acres. She thereafter purchased the real estate at the foreclosure sale. She contends that she is the innocent party and as between her and plaintiff, who succeeded to Mrs. Jones' title, plaintiff must stand the loss and is estopped to assert ownership. The record establishes that plaintiff had general knowledge of the lands, purchased the 60 acres originally partitioned to Mrs. Jones from the record and without detailed inspection, and that the 5½ acres involved were part of the real estate so purchased and within the description in plaintiff's deed. He discovered the shortage when he first ploughed the 20 acre tract. It appears that plaintiff and defendant occupy approximately like positions with respect to any issues of innocence and estoppel. What if the trial court did not give credence to defendant's testimony that she viewed the real estate or that the 5½ acre tract influenced her to make the loan? The finding was against defendant. So far as this case is concerned defendant, while asserting title, stands upon the deed of trust and the trustee's deed as originally written. They do not stand corrected and the correctness of their provisions are not questioned by reason of any accident, fraud or mistake attributable to Mrs. Weisenborn. The Weisenborns did not attempt and never intended to transfer the 5½ acres to the trustee. Any assumptions defendant may have entertained concerning Mrs. Weisenborn's ownership of the 5½ acres were merged in the provisions of and contradicted by the description in the deed of trust she thereafter accepted. To sustain defendant necessitates rewriting said deed of trust for the parties. Mrs. Jones took no part in the negotiations leading up to the execution of said deed of trust, knew nothing of the transactions between defendant and the Weisenborns or the existence of circumstances imposing a duty upon her to disclose her position to defendant. How may Mrs. Jones' actions be held to constitute the proximate cause of loss sustained by defendant so long as the deed of trust and the trustee's deed do not purport to cover said 5½ acres?

■ At the commencement of the trial, the court transferred the cause to the equity docket. While conceding the quiet title proceeding was in equity, defendant asserts error in trying the ejectment proceeding in equity. Defendant participated in the proceedings without objection or exception, offered testimony bearing on the ejectment

branch of the case and now is, therefore, in no position successfully to predicate error on the ground assigned.

The judgment is affirmed. *Cooley* and *Westhues, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.